AKIN, GUMP, STRAUSS HAUER & FELD LLP
CHAD A. STEGEMAN (SBN 225745)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, *et al.* | Case No. 07-CV-03640 SC |
| Plaintiffs, | |
| v. | |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P. and NHP MANAGEMENT, INC. | **ANSWER TO COMPLAINT** |
| Defendants. | |

Defendants Apartment Investment and Management Company, AIMCO Properties, L.P. and NHP Management Company (n/k/a AIMCO/Bethesda Holdings, Inc.) (collectively "Defendants"),[1] by and through their undersigned attorneys, hereby answer Plaintiffs' complaint ("Complaint") as follows:

1. Defendants deny each and every allegation of Paragraph 1.

2. Defendants deny each and every allegation of Paragraph 2.

---

[1] There is no entity with the name of NHP Management, Inc. and, therefore, service of process was refused. Even though NHP Management Company is not a named defendant, all references to NHP Management Company herein are for convenience only, and are intended to denote AIMCO/Bethesda Holdings, Inc., a Delaware corporation, into which NHP Management Company was legally merged effective October 7, 2005.

3.      Defendant AIMCO denies that it employed any employees at any time, and thus denies all allegations of Paragraph 3.[2] Defendants AIMCO Properties and NHP admit that local property managers, at their discretion or the discretion of managers within their individual chains of command, may at various times have implemented an entirely lawful "adjusted work week," whereby, if certain employees worked overtime hours on any day during a particular work week, they would then be either asked, or required, to take off corresponding hours of regularly scheduled work time during that same work week. Except as so admitted, Defendants deny all other allegations of Paragraph 3.

4.      Defendants admit that "on call" maintenance employees are not paid for "waiting" time, that is, personal time spent at home or elsewhere during non-regular hours while on call. Except as so admitted, Defendants deny all other allegations of Paragraph 4.

5.      Defendants deny each and every allegation of Paragraph 5.

## JURISDICTION AND VENUE

6.      Paragraph 6 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants admit the federal courts have subject matter jurisdiction over claims for relief under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendants deny all other allegations of Paragraph 6.

7.      Paragraph 7 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendant AIMCO (as defined herein, i.e., Apartment Investment and Management Company) admits it owns interests in entities that own and or/manage apartment communities, and that in connection with subsidiaries, it owns and/or operates apartment communities in this District and the State of California. Defendant AIMCO Properties admits it is a separate operating and ownership entity within AIMCO's larger business structure

---

[2] Because Defendant AIMCO denies that it employed any employees at any time during the relevant period, it moots all of the remaining allegations of the Complaint against this Defendant. All further denials and responses by Defendant AIMCO, whether individually or as part of the collective grouping, "Defendants," expressly incorporates the response that it did not employ any employees during the relevant time period.

1  which owns and/or manages apartment communities in this District and the State of California.
2  Defendant NHP admits in engages in the management of apartment communities within
3  AIMCO's larger business structure, including apartment communities in this District and the
4  State of California. Except as so admitted, Defendants deny all other allegations of Paragraph 7.

5        8. Defendant AIMCO admits it owns interests in entities that own and or/manage
6  apartment communities, and that in concert with subsidiaries, it owns and/or operates apartment
7  communities in this District and the State of California. Defendant AIMCO Properties admits it
8  is a separate operating and ownership entity within AIMCO's larger business structure which
9  owns and/or manages apartment communities in this District and the State of California.
10 Defendant NHP admits in engages in the management of apartment communities within
11 AIMCO's larger business structure, including apartment communities in this District and the
12 State of California. Except as so admitted, Defendants deny all other allegations of Paragraph 8.

13       9. Defendant AIMCO admits it owns interests in entities that own and or/manage
14 apartment communities, and that in concert with subsidiaries, it owns and/or operates apartment
15 communities in this District and the State of California. Defendant AIMCO Properties admits it
16 is a separate operating and ownership entity within AIMCO's larger business structure which
17 owns and/or manages apartment communities in this District and the State of California.
18 Defendant NHP admits in engages in the management of apartment communities within
19 AIMCO's larger business structure, including apartment communities in this District and the
20 State of California. Except as so admitted, Defendants deny all other allegations of Paragraph 9.

21       10. Defendants admit that AIMCO Properties and NHP either directly or indirectly
22 through other affiliates employ employees in this District and the State of California. Except as
23 so admitted, Defendants deny all other allegations of Paragraph 10.

24       11. Paragraph 11 states a legal conclusion, as to which no response is required. To
25 the extent a response is required, Defendant AIMCO admits it owns interests in entities that own
26 and/or manage apartment communities, and that in concert with subsidiaries, it owns and/or
27 operates apartment communities in this District and the State of California. Defendant AIMCO
28 Properties admits it is a separate operating and ownership entity within AIMCO's larger business

structure which owns and/or manages apartment communities in this District and the State of California. Defendant NHP admits in engages in the management of apartment communities within AIMCO's larger business structure, including apartment communities in this District and the State of California. Finally, Defendants admit that AIMCO Properties and NHP either directly or indirectly through other affiliates employ employees in this District and the State of California. Except as so admitted, Defendants deny all other allegations of Paragraph 11.

12. Defendant AIMCO admits it owns interests in entities that own and/or manage apartment communities, and that in concert with subsidiaries, it owns and/or operates apartment communities in this District and the State of California. Defendant AIMCO Properties admits it is a separate operating and ownership entity within AIMCO's larger business structure which owns and/or manages apartment communities in this District and the State of California. Defendant NHP admits in engages in the management of apartment communities within AIMCO's larger business structure, including apartment communities in this District and the State of California. Finally, Defendants admit that AIMCO Properties and NHP either directly or indirectly through other affiliates employ employees in this District and the State of California. Except as so admitted, Defendants deny all other allegations of Paragraph 12.

**PARTIES**

13. AIMCO admits that it is a Maryland corporation with executive offices in Denver, Colorado. AIMCO admits that, in concert with subsidiaries, it is engaged in the acquisition, ownership, management, and redevelopment of apartment properties, and as such, it engages in one of the largest such businesses in the United States. AIMCO admits that, in concert with subsidiaries, it has owned interests in and/or managed a fluctuating number of apartment communities across the United States at all relevant times, including California. Except as so admitted, Defendants deny all other allegations of Paragraph 13.

14. Defendant AIMCO Properties admits it is a Delaware limited partnership, and that it is a separate operating and ownership entity within AIMCO's larger business structure. Except as so admitted, Defendants deny all other allegations of Paragraph 14.

15. Defendants admit that AIMCO and AIMCO properties are separate entities. Except as so admitted, Defendants deny all other allegations in Paragraph 15.

16. Defendant NHP admits that it was a wholly owned subsidiary of AIMCO through October 7, 2005, after which it was merged into AIMCO/Bethesda Holdings, Inc. (see n. 1, *supra*). NHP admits its principal place of business is Denver, Colorado, and that it manages various apartment properties within the larger AIMCO organization. Except as so admitted, Defendants deny all other allegations of Paragraph 16.

17. Defendants admit that Plaintiffs are current or former employees of AIMCO Properties or NHP who are or were employed as Service Technicians or Service Managers, and that such employees' responsibilities included apartment maintenance and responding to tenant requests for service. Except as so admitted, Defendants deny all other allegations of Paragraph 17.

18. Defendants admit that on some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 18.

19. Defendants admit that some Plaintiffs are or were employed by AIMCO Properties or NHP as Service Technicians or Service Managers at facilities within the state of California. Except as so admitted, Defendants deny all other allegations of Paragraph 19.

## ALLEGATIONS OF THE PLAINTIFFS

### Defendants' [Alleged] Failure To Pay For Time Spent Responding To Emergency Service Calls

20. Defendant AIMCO admits it owns interests in entities that own and/or manage apartment communities, and that in concert with subsidiaries, it engages in one of the largest such businesses in the United States. Defendant AIMCO Properties admits it is a separate operating and ownership entity within AIMCO's larger business structure. Defendant NHP

admits it engages in the management of apartment communities within AIMCO's larger business structure. Except as so admitted, Defendants deny all other allegations of Paragraph 20.

21. Defendants admit that NHP engages in the management of apartment communities within AIMCO's larger business structure, and that it employs employees at such properties. Except as so admitted, Defendants deny all other allegations of Paragraph 21.

22. Defendants admit that AIMCO Properties and NHP employ or employed Service Technicians and Service Managers ("Maintenance Personnel"). Except as so admitted, Defendants deny all other allegations of Paragraph 22.

23. Defendants admit that among the responsibilities of some or all Service Technicians and Service Managers are duties similar to those described in Paragraph 23. Except as so admitted, Defendants deny all other allegations of Paragraph 23.

24. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 24.

25. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 25.

26. Defendants admit that their apartment communities strive to provide tenants with prompt maintenance service and that Maintenance Personnel perform maintenance services. Except as so admitted, Defendants deny all other allegations of Paragraph 26.

27. Defendants admit that certain written materials refer to an emergency service response time goal or benchmark of approximately 20 minutes. Except as so admitted, Defendants deny all other allegations of Paragraph 27.

28. Defendants admit that their apartment communities strive to provide tenants with prompt maintenance service. Except as so admitted, Defendants deny all other allegations of Paragraph 28.

29. Defendants deny all allegations of Paragraph 29.

30. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Defendants further admit that certain written materials refer to an emergency service response time goal or benchmark of approximately 20 minutes. Except as so admitted, Defendants deny all other allegations of Paragraph 30.

31. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Defendants further admit that their apartment communities strive to provide tenants with prompt maintenance service. Except as so admitted, Defendants deny all other allegations of Paragraph 31.

32. Defendants deny all allegations of Paragraph 32.
33. Defendants deny all allegations of Paragraph 33.
34. Defendants deny all allegations of Paragraph 34.
35. Defendants deny all allegations of Paragraph 35.
36. Defendants deny all allegations of Paragraph 36.
37. Defendants deny all allegations of Paragraph 37.
38. Defendants deny all allegations of Paragraph 38.
39. Defendants deny all allegations of Paragraph 39.
40. Defendants deny all allegations of Paragraph 40.
41. Defendants deny all allegations of Paragraph 41.

42. Defendants deny all allegations of Paragraph 42.

43. Defendants deny all allegations of Paragraph 43.

44. Defendants deny all allegations of Paragraph 44.

45. Defendants deny all allegations of Paragraph 45.

46. Defendants deny all allegations of Paragraph 46.

47. Defendants deny all allegations of Paragraph 47.

**Defendants' [Alleged Improper] Failure To Pay For Time Spent Waiting For Emergency Service Calls**

48. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 48.

49. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 49.

50. Defendants admit that at some properties, Service Technicians and/or Service Managers do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 50.

51. Defendants admit that, varying according to each property's circumstances, tenants are usually provided with some method of contacting appropriate Maintenance Personnel if they have an after-hours service emergency. Except as so admitted, Defendants deny all other allegations of Paragraph 51.

52. Defendants deny all allegations of Paragraph 52.

53.     Defendants admit that the number of service calls at any particular property varies according to a myriad of different factors and circumstances. Except as so admitted, Defendants deny all other allegations of Paragraph 53.

54.     Defendants deny all allegations of Paragraph 54.

55.     Defendants deny all allegations of Paragraph 55.

56.     Defendants deny all allegations of Paragraph 56.

57.     Defendants deny all allegations of Paragraph 57.

58.     Defendants deny all allegations of Paragraph 58.

59.     Defendants deny all allegations of Paragraph 59.

60.     Defendants deny all allegations of Paragraph 60.

61.     Defendants admit that "on call" maintenance employees are paid for all time they spend performing actual work duties during on-call periods, i.e., responding to tenant calls for service, and are not compensated for their personal time, spent at home or elsewhere during non-regular hours while on call. Except as so admitted, Defendants deny all other allegations of Paragraph 61.

62.     Defendants deny all allegations of Paragraph 62.

## **CLAIMS FOR RELIEF**

63.     Defendants deny that Plaintiffs are entitled to any of the relief they seek in Paragraphs I, II, or III of the Claims for Relief alleged in their Complaint.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Failure to State a Cause of Action)

64.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

(Release)

65. The Complaint, and each purported cause of action therein, are barred to the extent that Plaintiffs sighed a release of such claims.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

(Violation of Due Process)

66. The Complaint, and each purported cause of action contained therein, violates Defendants' right to due process under the United States Constitution, the California Constitution, and other California law.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

(Statute of Limitations)

67. The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of limitations.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

(Good Faith)

68. Plaintiffs are not entitled to any penalty award under any Fair Labor Standards Act provision because at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of the Fair Labor Standards Act.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

(De Minimis Doctrine)

69. The Complaint, and each purported cause of action contained therein, are barred in whole or in part by the *de minimis* doctrine.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Waiver)

70. The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs their actions have waived all claims asserted therein.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(Estoppel)

71. The Complaint, and each purported cause of action contained therein, is barred because any conduct of Defendants which is alleged to be unlawful was taken as a result of and in reasonable reliance on conduct by Plaintiffs, and they are thus estopped to assert any cause of action against Defendants.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Laches)

72. The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants.  Specifically, Plaintiffs waited several years to file this action, and did not otherwise notify Defendants of the allegation that they believed they were due additional compensation, including but not limited to that that they were due pay for "waiting time" while on call for maintenance emergencies (which allegation is denied by Defendants), thereby causing prejudice to Defendants.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

(Unclean Hands)

73. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs have been guilty of improper conduct connected to matters alleged in the Complaint.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Failure to Mitigate)

74. Any damages should be reduced to the extent that Plaintiffs failed to mitigate them.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

(Paid All Sums)

75. The Complaint, and each purported cause of action contained therein, is barred because Defendant(s) have paid Plaintiffs all sums due them.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Prior Breach)

76. The Complaint, and each purported cause of action therein, are barred because Plaintiffs have breached an applicable contract with Defendant(s), if any.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Offset)

77. The Complaint, and each purported cause of action therein, are barred to the extent that the claims of Plaintiffs are subject to an offset, representing amounts improperly obtained from Defendants or which would constitute unjust enrichment of Plaintiffs.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Accord & Satisfaction)

78. The Complaint, and each purported cause of action therein, are barred because Plaintiffs entered into an accord with Defendant(s) extinguishing the obligations that are the basis of the Complaint, and Defendant(s) have satisfied all obligations required under the accord.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Res Judicata and Collateral Estoppel)

79. The Complaint, and each purported cause of action therein, are barred under the doctrines of res judicata and collateral estoppel.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Exhaustion of Remedies)

80. Plaintiffs have failed to exhaust administrative processes implemented by AIMCO Properties and/or NHP to prevent off-the-clock work and to resolve any alleged uncompensated work claims without resort to litigation.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(No Uncompensated Work Performed)

81. Plaintiffs have not performed any uncompensated work.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

(No Knowledge of Uncompensated Work)

82. Defendants had no knowledge of, nor should they have had knowledge of, any uncompensated work by Plaintiffs, and they did not authorize, require, request, suffer, or permit such activity by Plaintiffs.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

(Outside Managerial Scope of Employment)

83. If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to perform uncompensated work, such supervisor or manager acted outside the scope of his or her employment.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Adequate Legal Remedy)

84. Plaintiffs have an adequate remedy at law, thus injunctive and declaratory relief is inappropriate.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Bonus Offset)

85. Defendants have paid some of their managers bonuses premised on the fact that the managers have not worked off the clock and have not allowed uncompensated work to occur. To the extent that managers engaged in or allowed uncompensated work, they were not entitled to said bonuses. All bonus amounts, and overtime payments attributable to bonus amounts, should be credited or set off against any alleged monies owed to managers who engaged in or allowed uncompensated work.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Arbitration)

86. Plaintiffs' claims are subject to valid and enforceable arbitration agreements, and Plaintiffs have failed to exhaust their contractual remedies under the agreements.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Alleged Unpaid Time is Not Compensable)

87. All or part of the time for which Plaintiffs seek compensation does not constitute compensable working time.

88. Defendants reserve the right to amend this Answer to allege any additional defenses as may later become available or apparent. Further, Defendants reserve the right to withdraw any defenses subsequently determined to be inapplicable. Nothing stated in the foregoing defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE**, Defendants pray for judgment as follows:

A. That Plaintiffs take nothing by virtue of this action;

B. That judgment be entered in favor of Defendants and against Plaintiffs and that the action be dismissed with prejudice;

C. For Defendants' costs of suit and attorneys' fees incurred herein; and

D. For such other and further relief as the Court deems proper.

Dated: August 20, 2007         AKIN GUMP STRAUSS HAUER & FELD LLP

By_____/s/_____
Chad A. Stegeman

Attorneys for Defendants