**AKIN GUMP STRAUSS HAUER & FELD LLP**
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:    415-765-9500
Facsimile:    415-765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
rappel@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

**HOLLAND & HART, LLP**
John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
555 Seventh Street, Suite 3200
Denver, CO 80202
Telephone:    303-295-8000
Facsimile:    303-295-8261
(*Pro Hac Vice* applications to be submitted for each of the above)
Attorneys for Defendants
APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P., NHP MANAGEMENT COMPANY, and AIMCO/BETHESDA HOLDINGS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, et al., <br><br> Plaintiffs, <br><br> vs. <br> APARTMENT INVESTMENT AND MANAGEMENT COMPANY, et al., <br><br> Defendants. | Case No. 3:07-cv-3640 SC <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Apartment Investment and Management Company ("AIMCO"), AIMCO Properties, L.P., ("AIMCO Properties"), NHP Management Company ("NHP"), and AIMCO/Bethesda

6161903 v1
ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 07-CV-03640 SC

1

Holdings ("AIMCO/Bethesda") (collectively, "Defendants") hereby answer Plaintiffs' First Amended Complaint as follows. Defendants deny each and every allegation of the Complaint not specifically admitted.

## SUMMARY OF ALLEGATIONS

1. Defendants deny each and every allegation of Paragraph 1.

2. Defendants deny each and every allegation of Paragraph 2.

3. Defendant AIMCO denies that it employed any employees at any time, and thus denies all allegations of Paragraph 3.[1] Defendants AIMCO Properties, NHP, and AIMCO/Bethesda admit that local property managers, at their discretion or the discretion of managers within their individual chains of command, may at various times have implemented an entirely lawful "adjusted work week," whereby, if certain employees worked overtime hours on any day during a particular work week, they would then be either asked, or required, to take off corresponding hours of regularly scheduled work time during that same work week. Except as so admitted, Defendants deny all other allegations of Paragraph 3.

4. Defendants admit that "on-call" maintenance employees are not paid for "waiting" time--that is, personal time spent at home or elsewhere during non-regular hours while on-call. Except as so admitted, Defendants deny all other allegations of Paragraph 4.

5. Defendants deny each and every allegation of Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants admit the federal courts have subject matter jurisdiction over claims

---

[1] Because Defendant AIMCO denies that it employed any employees at any time during the relevant period, it moots all of the remaining allegations of the Complaint against this Defendant. All further denials and responses by Defendants AIMCO, whether individually or as part of the collective grouping, "Defendants," expressly incorporates in the denials and responses that AIMCO did not employ any employees during the relevant time period.

for relief under the Fair Labor Standards Act pursuant to the 28 U.S.C. § 1331. Except as so admitted, Defendants deny all other allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants deny that they directly own any apartment complexes within the jurisdiction. Defendants admit they own interests in entities that own apartment communities in this jurisdiction.

9. Defendants deny that they directly manage any apartment complexes within the jurisdiction. Defendants admit they own interests in entities that manage apartment communities. Except as so admitted, Defendants deny the allegations of Paragraph 9.

10. Defendants admit that AIMCO Properties and Defendant NHP, and its successor, AIMCO/Bethesda, either directly or indirectly through other affiliates, employ or have employed employees in this jurisdiction. Defendants deny that they were joint employers.

11. Paragraph 11 states a legal conclusion, as to which no response is required.

12. Defendants deny that they directly own, operate and manage any apartment complexes within this jurisdiction. Defendant admit they own interests in entities that own, operate and manage apartment complexes in this jurisdiction. Defendants admit that AIMCO Properties, NHP and AIMCO/Bethesda either directly or indirectly through other affiliates employ or have employed employees in this jurisdiction. Except as so admitted, Defendants deny the allegations of Paragraph 12.

**PARTIES**

13. AIMCO admits that it is a Maryland corporation with its headquarters in Denver, Colorado. AIMCO admits that, through its affiliates and subsidiaries, it is engaged in the acquisition, ownership, management, and redevelopment of apartment properties. Except as so admitted, Defendants deny all other allegations of Paragraph 13.

14. Defendant AIMCO Properties admits that it is a Delaware limited partnership. Except as so admitted, Defendants deny all other allegations of Paragraph 14.

15. Defendants deny the allegation in Paragraph 15 that AIMCO and AIMCO Properties are the same entities, as the two are, in fact, separate entities.

16. Defendants admit that NHP was a wholly owned subsidiary of AIMCO/Bethesda through October 7, 2005, after which it was merged into AIMCO/Bethesda and ceased to exist. Except as so admitted, Defendants deny all other allegations of Paragraph 16.

17. Defendants admit that NHP and AIMCO/Bethesda were separate entities until NHP was merged into AIMCO/Bethesda on October 7, 2005. Except as so admitted, Defendants deny all other allegations in Paragraph 17.

18. Defendants admit that AIMCO/Bethesda is a Delaware corporation, and that its principal place of business is Denver, Colorado. Except as so admitted, Defendants deny all other allegations of Paragraph 18.

19. Defendants admit that some or all of the named Plaintiffs are current or former employees of AIMCO Properties, NHP, or AIMCO/Bethesda who are or were employed as Service Technicians, and that such employees' responsibilities included apartment maintenance and responding to tenant requests for service. Defendants have no job titles of Maintenance Supervisor or Service Director. Except as so admitted, Defendants deny all other allegations of Paragraph 19.

20. Defendants deny that there was a uniform on-call policy within the jurisdiction.

21. Defendants admit that some or all of the named Plaintiffs are or were employed by AIMCO Properties, NHP, and/or AIMCO/Bethesda as Service Technicians at facilities within this State. Defendants have no job titles of Maintenance Supervisor or Service Director. Except as so admitted, Defendants deny all other allegations in Paragraph 21.

## ALLEGATIONS OF PLAINTIFFS

## DEFENDANTS' ALLEGED FAILURE TO PAY FOR TIME SPENT RESPONDING TO EMERGENCY SERVICE CALLS

22. Defendants deny the allegations of Paragraph 22.

23. Defendants admit that many of the employees who work at properties owned by AIMCO affiliates are employees of AIMCO/Bethesda. Except as so admitted, Defendants deny the remaining allegations of Paragraph 23.

24. Defendants admit that AIMCO Properties and Defendant NHP and its successor, AIMCO/Bethesda, employ or have employed Service Technicians as hourly-paid workers. Defendants have no job titles of Maintenance Supervisor or Service Director and as a result deny that the definition offered in this paragraph is correct. Except as so admitted, Defendants deny all other allegations of Paragraph 24.

25. Defendants admit that among the responsibilities of some or all Service Technician are duties similar to those described in Paragraph 25. Except as so admitted, Defendants deny all other allegations of Paragraph 25.

26. Defendants admit that at some properties, Service Technicians do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 26.

27. Defendants deny that Service Technicians' on-call schedules can be uniformly characterized as the circumstances vary at each property.

28. Defendants admit that their apartment communities strive to provide tenants with prompt service. Except as so admitted, Defendants deny all other allegations of Paragraph 28.

29. Defendants deny that they have a policy as characterized in Paragraph 29.

30. Defendants state that its website speaks for itself, and deny the remaining allegations of Paragraph 30.

31. Defendants deny all allegations of Paragraph 31.

32. Defendants deny all allegations of Paragraph 32.

33. Defendants deny all allegations of Paragraph 33.

34. Defendants deny all allegations of Paragraph 34.

35. Defendants deny all allegations of Paragraph 35.

36. Defendants deny all allegations of Paragraph 36.

37. Defendants deny all allegations of Paragraph 37.

38. Defendants deny all allegations of Paragraph 38.

39. Defendants deny all allegations of Paragraph 39.

40. Defendants deny all allegations of Paragraph 40.

41. Defendants deny all allegations of Paragraph 41.

42. Defendants deny all allegations of Paragraph 42.

43. Defendants deny all allegations of Paragraph 43.

44. Defendants deny all allegations of Paragraph 44.

45. Defendants deny all allegations of Paragraph 45.

46. Defendants deny all allegations of Paragraph 46.

47. Defendants deny all allegations of Paragraph 47.

48. Defendants deny all allegations of Paragraph 48.

49. Defendant deny all allegations of Paragraph 49.

///

///

## DEFENDANTS' ALLEGED IMPROPER FAILURE TO PAY FOR TIME SPENT WAITING FOR EMERGENCY SERVICE CALLS

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants admit that while on-call, Service Technicians may carry a beeper or cellular phone to respond to emergency service requests from tenants. Except as so admitted, Defendants deny all other allegations of Paragraph 52.

53. Defendants deny that there is a uniform on-call process at all properties located in this jurisdiction, and therefore deny the allegations of Paragraph 53.

54. Defendants deny all allegations of Paragraph 54.

55. Defendants deny all allegations of Paragraph 55.

56. Defendants deny all allegations of Paragraph 56.

57. Defendants deny all allegations of Paragraph 57.

58. Defendants deny all allegations of Paragraph 58.

59. Defendants deny all allegations of Paragraph 59.

60. Defendants deny all allegations of Paragraph 60.

61. Defendants deny all allegations of Paragraph 61.

62. Defendants deny all allegations of Paragraph 62.

63. Defendants admit that "on-call" Service Technicians are paid for time they spend responding to tenant calls for service during on-call periods, and are not compensated for their personal time, spent at home or elsewhere, during non-regular hours while on-call. Except as so admitted, Defendants deny all other allegations of Paragraph 63.

64. Defendants deny all allegations of Paragraph 64.

///

## CLAIMS FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they seek in Paragraphs I, II, or III of the Claims for Relief alleged in their Complaint.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

### First Separate and Additional Defense

(Failure to State a Cause of Action)

The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### Second Separate and Additional Defense

(Release)

The Complaint, and each purported cause of action therein, is barred to the extend Plaintiffs signed a release of such claims.

### Third Separate and Additional Defense

(Violation of Due Process)

The Complaint, and each purported cause of action contained therein, violates Defendants' right to due process under the United States Constitution, the Constitution of this State, and other laws of this State.

### Fourth Separate and Additional Defense

(Statute of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of limitations.

### Fifth Separate and Additional Defense

(Good Faith)

Plaintiffs are not entitled to any penalty award under any law because at all times relevant and

material herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate applicable law.

### Sixth Separate and Additional Defense

(*De Minimis* Doctrine)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

### Seventh Separate and Additional Defense

(Waiver)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiffs have waived all claims asserted therein.

### Eighth Separate and Additional Defense

(Estoppel)

The Complaint, and each purported cause of action contained therein, is barred because any conduct of Defendants which is alleged to be unlawful was taken as a result of and in reasonable reliance on conduct by Plaintiffs, and Plaintiffs are thus estopped to assert any cause of action against Defendants.

### Ninth Separate and Additional Defense

(Laches)

The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants. Specifically, Plaintiffs waited up to five years to file this action, and did not otherwise notify Defendants of the allegation that they believed they were due additional compensation, including but not limited to that that they were due pay for "waiting time" while on-call for maintenance emergencies (which allegation is denied by Defendants), thereby causing prejudice to Defendants.

### Tenth Separate and Additional Defense

(Unclean Hands)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs have been guilty of improper conduct connected to matters alleged in the Complaint.

### Eleventh Separate and Additional Defense

(Failure to Mitigate)

Any damages should be reduced to the extent that Plaintiffs failed to mitigate them.

### Twelfth Separate and Additional Defense

(Paid All Sums)

The Complaint, and each purported cause of action contained therein, is barred because Defendant has paid Plaintiffs all sums due them.

### Thirteenth Separate and Additional Defense

(Prior Breach)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs have breached an applicable contract with Defendants, if any.

### Fourteenth Separate and Additional Defense

(Offset)

The Complaint, and each purported cause of action therein, is barred to the extent that the claims of Plaintiffs are subject to an offset, representing amounts improperly obtained from Defendants or which would constitute unjust enrichment of Plaintiffs.

### Fifteenth Separate and Additional Defense

(Accord and Satisfaction)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs entered into an accord with Defendants extinguishing the obligations that are the basis of the Complaint, and Defendants have satisfied all obligations required under the accord.

### Sixteenth Separate and Additional Defense

(Collateral Estoppel and Res Judicata)

The Complaint, and each purported cause of action therein, is barred under the doctrine of collateral estoppel and res judicata.

### Seventeenth Separate and Additional Defense

(Exhaustion of Remedies)

Plaintiffs have failed to exhaust administrative processes implemented by AIMCO Properties and/or NHP to prevent off the clock work and to resolve any alleged uncompensated work claims without resort to litigation.

### Eighteenth Separate and Additional Defense

(No Uncompensated Work Performed)

Plaintiffs have not performed any uncompensated work.

### Nineteenth Separate and Additional Defense

(No Knowledge of Uncompensated Work)

Defendants had no knowledge of, nor should they have had knowledge of, any uncompensated work by Plaintiffs, and they did not authorize, require, request, suffer, or permit such activity by Plaintiffs.

### Twentieth Separate and Additional Defense

(Outside Managerial Scope of Employment)

If any supervisor or manager authorized, required, requested, suffered, or permitted an employee to perform uncompensated work, such acts were ultra vires, and the supervisor or manager acted outside the scope of his or her employment.

///

///

### Twenty-First Separate and Additional Defense

(Adequate Legal Remedy)

Plaintiffs have an adequate remedy at law, thus injunctive and declaratory relief is inappropriate.

### Twenty-Second Separate and Additional Defense

(Bonus Offset)

Defendants have paid some Plaintiffs bonuses premised on the fact that these individuals and other employees have not worked off the clock and have not allowed uncompensated work to occur. To the extent that these individuals engaged in or allowed uncompensated work, they were not entitled to said bonuses. All bonus amounts, and overtime payments attributable to bonus amounts, should be credited or set off against any alleged monies owed to managers who engaged in or allowed uncompensated work.

### Twenty-Third Separate and Additional Defense

(Arbitration)

Plaintiffs' claims are subject to valid and enforceable arbitration agreement, and Plaintiffs have failed to exhaust their contractual remedies under the agreements.

### Twenty-Fourth Separate and Additional Defense

(Alleged Unpaid Time is Not Compensable)

All or part of the time for which Plaintiffs seek compensation does not constitute compensable working time.

Defendants reserve the right to amend this Answer to allege any additional defenses as may later become available or apparent. Further, Defendants reserve the right to withdraw any defenses subsequently determined to be inapplicable. Nothing stated in the foregoing defenses constitutes a concession that Defendants bear any burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE, Defendants pray for judgment as follows:**

    a. That Plaintiffs take nothing by virtue of this action;

    b. That judgment be entered in favor of Defendants and against Plaintiffs and that the action be dismissed with prejudice;

    c. For Defendants' costs of suit and attorneys' fees incurred herein; and

    d. For such other and further relief as the Court deems proper.

Dated: November 6, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/
Chad A. Stegeman
cstegeman@akingump.com
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
580 California Street
Suite 1500
San Francisco, CA 94101-1036
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Richard N Appel (*Pro Hac Vice* application to be submitted)
rappel@akingump.com
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202-3979
Telephone: (303) 295-8000
Facsimile: (303) 295-8261
(*Pro Hac Vice* applications to be submitted)

Attorneys for Defendants
APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P., NHP MANAGEMENT COMPANY, and AIMCO/BETHESDA HOLDINGS, INC.