1 | AKIN, GUMP, STRAUSS HAUER & FELD LLP
CHAD A. STEGEMAN (SBN 225745)
2 | 580 California Street, Suite 1500
San Francisco, CA 94104-1036
3 | Phone: (415) 765-9500
Fax:    (415) 765-9501
4 | cstegeman@akingump.com

5 | AKIN, GUMP, STRAUSS HAUER & FELD LLP
RICHARD N. APPEL (*Pro Hac Vice* application to be submitted)
6 | 1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
7 | Phone: (202) 887-4076
Fax:    (202) 887-4288
8 | rappel@akingump.com

9 | HOLLAND & HART LLP
John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
10 | Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
11 | 555 Seventeenth Street, Suite 3200
Post Office Box 8749
12 | Denver, Colorado  80201-8749
Phone: (303) 295-8228
13 | Fax:   (303) 975-5381
jhusband@hollandhart.com
14 | tehazard@hollandhart.com
cgomez@hollandhart.com
15 |
Attorneys for Defendants
16 | APARTMENT INVESTMENT AND MANAGEMENT
COMPANY, AIMCO PROPERTIES, L.P., NHP MANAGEMENT
17 | COMPANY, and AIMCO/BETHESDA HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, *et al.*, ) | Case No.  07-CV-03640 SC |
| Plaintiffs, ) | |
| v. ) | **JOINT CASE MANAGEMENT STATEMENT** |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P. and NHP MANAGEMENT, INC., ) | |
| Defendants. ) | |

---

JOINT CASE MANAGEMENT STATEMENT
07-CV-03640-SC

| | |
|---|---|
| JOSEPH DOMINGUEZ and ROGER DALY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> APARTMENT INVESTMENT AND ) <br> MANAGEMENT COMPANY, AIMCO ) <br> PROPERTIES, LP. AND: NHP ) <br> MANAGEMENT, COMPANY, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 3:07-cv-03245-SC |
| JOSEPH DOMINGUEZ, ROGER DALY, ) <br> Individually, and on behalf all other persons ) <br> similarly situated; ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> APARTMENT INVESTMENT AND ) <br> MANAGEMENT COMPANY, AIMCO ) <br> PROPERTIES, L.P. and NHP ) <br> MANAGEMENT, INC., ) <br> Defendants. ) | Case No. 05-CV-4824 SC |

**1.  Jurisdiction and Service**:

(a)  This Court has subject matter jurisdiction over the Plaintiffs' claims, which seek relief for alleged violations of the Fair Labor Standards Act, pursuant to 28 U.S.C. § 1331.

(b)  Venue is proper pursuant to 29 U.S.C. § 1391.

(c)  No parties remain to be served.

**2.  Facts:**

The procedural and factual background of the three related cases are as follows:

*Campbell et. al. v. Apartment Investment and Management Co. et. al.* **(07-CV-03640 SC)**

Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.*, by failing to pay Plaintiffs for all hours worked, and at overtime rates for all hours over forty per week. Defendants timely answered Plaintiffs' Complaint denying Plaintiffs' allegations and asserting various affirmative defenses.

Apartment Investment and Management Company ("AIMCO") is a real estate investment trust ("REIT") which, by and through affiliates, owns apartment communities nationwide. The remaining Defendants are subsidiaries of the REIT which currently employ, or have employed, the Plaintiffs as maintenance personnel at apartment communities located in California.

As part of their job duties, maintenance personnel respond to calls from apartment tenants for emergency and non-emergency repairs. Maintenance personnel are sometimes also required to be available to work after regularly scheduled hours on an on-call basis. Plaintiffs allege that Defendants did not pay Plaintiffs either for all the time worked while on-call or for time spent waiting to receive emergency service requests during their on-call time. Defendants contend they pay their maintenance personnel for time spent responding to tenant calls but contend they are not legally obligated to pay maintenance personnel for the time they spend engaged in non-work activities during their on-call time.

Plaintiffs' Amended Complaint asserts two separate claims for relief under wage and hour laws. First, Plaintiffs allege that they were not paid for hours worked in excess of 40 in a workweek spent responding to emergency tenant service requests while they were on-call (the "unpaid overtime claim"). Second, some, but not all, Plaintiffs allege that their ability to engage in personal pursuits while "on-call" was so limited that the time they spent "on call" waiting to receive emergency service requests from tenants should be compensable ("the waiting time claim"). Defendants deny the allegations of both claims.

The case before this Court is the result of a decision by the United States District Court for the District of Columbia denying certification of a nationwide collective action and class action suit. On August 7, 2003, certain maintenance technicians employed by Defendants filed in the United States District Court for the District of Columbia a collective and class action suit captioned *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR). The plaintiffs in *Chase* made the same basic allegations as the Plaintiffs in this case. However, unlike this case, the plaintiffs in *Chase* sought certification of a nationwide collective action pursuant to § 216(b) of the Fair Labor Standards Act, and the certification of Maryland and California state law claims pursuant

to Fed. R. Civ. P. 23. Judge James Robertson conditionally certified the case as a collective action, but dismissed the state law claims. Judge Robertson subsequently decertified the collective action, finding the facts incompatible with a nationwide collective action. The court in *Chase* then dismissed without prejudice the claims of the individuals who worked at properties outside of the District of Columbia, but allowed the claims of individuals who had filed consents and worked at properties located in the District of Columbia to proceed.

The Plaintiffs in this case are individuals from California who opted into the *Chase* litigation. Plaintiffs who were similarly dismissed from the *Chase* case and work (or have worked) at AIMCO properties located in other states have filed cases similar to this one in federal court in their respective states. Including this case, twenty-two cases are currently pending across the country.

***Dominguez, et. al. v. AIMCO Investment and Management Company. et. al.* (07-cv-04824 SC) ("Dominguez I")**

The claims in *Dominguez I* arise from the same factual and procedural history discussed above. More specifically, this case resulted from Judge Robertson's decision not to exercise supplemental jurisdiction over Plaintiffs' California state wage and hour claims. The Plaintiffs in *Dominguez I* seek class treatment of their claims for relief under the Labor Code and the Unfair Competition Law, Business and Professions Code.

In a March 29, 2006 Order, this Court stayed *Dominguez I*, pending the resolution of Defendants' motion to decertify the collective action in *Chase*.

***Dominguez v. Apartment Investment and Management Company, et. al.* (07-cv-03245 SC) ("Dominguez II")**

The claims in *Dominguez* II arise from the same factual and procedural history discussed above. Plaintiffs Joseph Dominguez and Roger Daly were Named Plaintiffs in the *Chase v. AIMCO* litigation. Following the decertification of the collective action, Judge Robertson transferred Plaintiff Dominguez and Plaintiff Daly's individual claims under the Fair Labor

4

Standards Act to this Court.  The parties conducted limited discovery related to the Plaintiff Dominguez and Plaintiff Daly's claims during the *Chase* litigation.

**3.    Legal Issues:**

(a)    Whether Defendants paid Plaintiffs for all time worked while on call.

(b)    Whether Plaintiffs are entitled to compensation for time spent waiting to receive emergency service requests during their on-call time.

**4.    Motions:**

On November 28, 2007, Plaintiffs will file a Motion to Stay Proceedings Pending a Decision By the Judicial Panel on Multidistrict Litigation.  Plaintiffs contend that a stay is the proper course for these three cases.  Plaintiffs have agreed to the discovery proposal below in the event the Court declines to stay the cases.

Defendants oppose any motion to stay the proceedings in this case.  Discovery should proceed as the parties have proposed below, ensuring that discovery and the orderly pretrial disposition of this case are not delayed while the Judicial Panel on Multidistrict Litigation considers Plaintiffs' Motion to Stay Proceedings.

**5    Amendment of Pleadings:**

Further amendment of the pleadings is not anticipated.  If amendments to the pleadings are necessary, the parties will do so after the completion of the limited expedited discovery discussed in Section 8 below.

**6.    Evidence Preservation:**

Plaintiffs have indicated that they will seek discovery of certain electronically stored information.  Defendants have advised that while some of the electronically stored information that may be requested is available and will be produced, other electronically stored information that may be requested either does not exist or is not reasonably accessible.  Once the parameters of Plaintiffs' anticipated requests for electronically stored information are determined, the parties will discuss the burdens and costs of accessing and retrieving the information, the needs of the

requesting party that may establish good cause for requiring production of all or part of the requested information, and conditions on obtaining and producing the information that may be appropriate. If the parties are unable to reach agreement, Plaintiffs may file an appropriate motion to compel with the Court.

**7.   Disclosures:**

Disclosures pursuant to Fed.R.Civ.P. 26 will be made as provided in Section 8 below.

**8.   Discovery:**

Given that similar cases to this one have been filed in twenty-one jurisdictions across the country, the parties have agreed to limit initial discovery to an exchange of interrogatories, requests for production of documents, and requests for admissions, and to defer depositions to a later date. The parties believe that by so limiting initial discovery, the parties can resolve many of the claims before this Court or, at a minimum, narrow the issues that are truly in dispute. The parties also believe that limiting initial discovery as described herein will yield sufficient information such that settlement of Plaintiffs' claims may be a real possibility.

Therefore, the parties request that the Court order the following schedule for discovery:

(1) The Plaintiffs have filed an Amended Complaint, to which Defendants filed their Answer on November 6, 2007.

(2) The parties will exchange interrogatories, requests for production of documents, and requests for admissions on or shortly after the date Defendants' counsel accepts service of the Amended Complaint on Defendants' behalf. The parties will not engage in deposition discovery at this juncture.

(3) The parties will exchange disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at the time they respond to interrogatories, requests for production of documents and requests for admissions.

(4) The parties also jointly propose that the Court stay any pending case management conferences, as well as any reporting requirements pursuant to Fed. R. Civ. P. 16, 26(a)(2), for 180 days from the date of this Joint Case Management Statement to

permit the discovery identified above.

(5) With respect to setting this case for trial, initial expert disclosures, deadlines for completion of discovery, and deadlines for hearing dispositive motions, the parties request that the Court stay those deadlines pending completion of the discovery plan outlined above.

**9.    Class Action**:

*Campbell* and *Dominguez I* are not class actions. *Dominguez II* seeks class treatment of Plaintiffs' claims under the Labor Code and the Unfair Competition Law, Business and Professions Code.

**10.    Related Cases:**

**a.    In this Court:**

*Dominguez, et al. v. AIMCO*, C-05-4824-SC, United States District Court, Northern District of California

*Dominguez, et al. v. AIMCO*, C-07-3425-CRB, United States District Court, Northern District of California

The above cases are related and should be consolidated. The parties' discovery plan in this Joint Case Statement addresses discovery in this case, as well as the two Dominguez cases listed above.

**b.    In Other Jurisdictions:**

*Bone, et al. v. AIMCO, et al.,* 2:07cv1311, United States District Court, Northern District of Alabama

*Boland, et al. v. AIMCO, et al.,* 2:07cv1370, United States District Court, District of Arizona

*Hill, et al. v. AIMCO, et al.,* 1:07cv1492, United States District Court, District of Colorado

*Chase, et al. v. AIMCO, et al.,* 1:03cv01683 (JR), United States District Court, District of the District of Columbia

*Angulo, et al. v. AIMCO, et al.,* 3:07cv643, United States District Court, Middle District of Florida

1. *Thomas, et al. v. AIMCO, et al.,* 1:07-CV-1638-TCB, United States District Court, Northern District of Georgia
2. *Bishop, et al. v. AIMCO, et al.,* 1:07cv3952, United States District Court, Northern District of Illinois
3. *Common, et al. v. AIMCO, et al.,* 1:07cv921, United States District Court, Southern District of Indiana
4. *Randolph, et al v. AIMCO, et al.,* 3:07cv00371-JGH, United States District Court, Western District of Kentucky
5. *Barton, et al v. AIMCO, et al.,* AW-06-0192, United States District Court, Southern District of Maryland
6. *Birchett, et al. v. AIMCO, et al.,* 2:07cv12939, United States District Court, Eastern District of Michigan
7. *Conner, et al. v. AIMCO, et al.,* 4:07cv502, United States District Court, Western District of Missouri
8. *Crawford, et al. v. AIMCO, et al.,* 3:07cv274, United States District Court, Western District of North Carolina
9. *Hulce, et al. v. AIMCO, et al.,* 3:07cv3256, United States District Court, District of New Jersey
10. *Galloway, et al v. AIMCO, et al.,* 1:07cv6435, United States District Court, Southern District of New York
11. *Davis, et al. v. AIMCO, et al.,* 1:07cv542, United States District Court, Southern District of Ohio
12. *Mitchell, et al. v. AIMCO, et al.,* 2:07cv2915, United States District Court, Eastern District of Pennsylvania
13. *Cordle, et al. v. AIMCO, et al.,* 7:07cv2175, United States District Court, District of South Carolina
14. *Burns, et al. v. AIMCO, et al.,* 3:07cv746, United States District Court, Middle District of Tennessee
15. *Bell, et al. v. AIMCO, et al.,* 2:07cv291, United States District Court, Eastern District of Texas

*Dunbar, et al. v. AIMCO, et al.,* 3:07cv34, United States District Court, Western District of Virginia

    **c.**    **MDL**

Plaintiffs have also filed with the Judicial Panel on Multidistrict Litigation a Motion For Transfer For Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 seeking to consolidate the actions before this Court and actions pending in other jurisdictions identified above. Defendants intend to oppose the Motion for Transfer, as this case was brought by Plaintiffs in 21 separate jurisdictions seeking individualized treatment of their claims in the various jurisdictions. Only delay and negligible efficiencies would result from the transfer to the Judicial Panel on Multidistrict Litigation.

**11.**    **Relief:**

Plaintiffs seek damages sustained as a result of Defendants' alleged willful and intentional violations of 29 U.S.C. § 207(a), as well as an award of backpay. Plaintiffs also seek costs, reasonable attorneys' fees, accountants', investigators' and experts' fees, as well as pre-judgment interest. Plaintiffs also seek injunctive relief, as appropriate.

**12.**    **Settlement Potential:**

The parties believe there is a possibility of settlement following the initial discovery set forth in Section 8 above. Counsel intend to hold settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undecided.

**13.**    **Trial by Magistrate Judge:**

The parties do not consent to having this case tried before a Magistrate Judge of this Court.

**14.**    **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.**    **Narrowing of Issues:**

JOINT CASE MANAGEMENT STATEMENT
07-CV-03640-SC

1     The parties believe that the initial discovery set forth in Section 8 above will significantly narrow the issues to be decided at trial.

**16.   Expedited Schedule:**

    While discovery can be expedited as provided for in Section 8 above, the parties do not believe that the case can otherwise be handled on expedited basis with streamlined procedures.

**17.   Scheduling:**

    The parties jointly propose that the Court stay any pending case management conferences, as well as any reporting requirements pursuant to Fed. R. Civ. P. 16, 26(a)(2), for 180 days from the date of this Joint Case Management Statement to permit the discovery identified above. With respect to setting this case for trial, initial expert disclosures, deadlines for completion of discovery, and deadlines for hearing dispositive motions, the parties request that the Court stay those deadlines pending completion of the discovery plan outlined above.

    The Plaintiffs' position is that since the Defendants have filed identical requests for production of document, interrogatories, and requests for admission on more than 750 plaintiffs in the cases pending before this Court and the related cases in other jurisdictions, Plaintiffs should be permitted more than thirty days to respond. The plaintiffs propose they be permitted to respond to the outstanding discovery served in this case on a rolling basis, to be completed by January 31, 2008.

    Defendants seek to ensure that discovery and pretrial proceedings in this case proceed efficiently. Defendants will certainly permit an extensions of time to respond to the outstanding written discovery, but "rolling discovery" as proposed by the Plaintiffs would grant Plaintiffs up to six months to respond to the outstanding discovery requests. Such an extended length of time to respond to written discovery would undermine the possibility of early settlement or early clarification of the legal and factual issues.

**18.   Trial:**

    This case will be tried to a jury. The anticipated length of the trial is currently unknown.

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Each party has filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.

Plaintiffs state that the following persons, firms, partnerships, corporations or other entities known to the Plaintiffs have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: None.

Defendants state that the following persons, firms, partnerships, corporations or other entities known to the Plaintiffs have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: (a) Defendant Apartment Investment and Management Company ("AIMCO"), which is a real estate investment trust organized in Maryland.  There is no parent corporation of AIMCO.  No publicly held corporation owns 10% or more of the stock of AIMCO.  (b) Defendant AIMCO Properties, L.P., is a limited partnership organized in Delaware.  AIMCO Properties, L.P. is approximately 90% owned by two wholly-owned subsidiaries of Defendant AIMCO.  The remaining 10% interest is held by thousands of individuals who are limited partners of Defendant AIMCO Properties, L.P., none of whom own more than a small fraction of that remaining 10% interest.  (c) Defendant NHP Management Company ("NHP") ceased to exist as of October 7, 2005.  Prior to that time, its stock was wholly owned by subsidiaries of Defendant AIMCO.  On October 7, 2005, NHP was merged into Defendant AIMCO/Bethesda Holdings, Inc.  (d) AIMCO/Bethesda Holdings, Inc. is a Delaware corporation, which is wholly owned, through subsidiaries, by Defendant AIMCO. No other publicly held corporation has any interest in AIMCO/Bethesda Holdings, Inc.

**20.    Other Matters:**

None.

I, Teresa Demchak am the ECF user whose ID and password are being used to file this Joint Case Management Statement.  In compliance with General Order 45. X.B., I hereby attest that Chad Stegeman has concurred in this filing.

Dated: November 27, 2007

| **Counsel for Defendants** | **Counsel for Plaintiffs** |
|---|---|
| *s/ Chad A. Stegeman* | *s/ Teresa Demchak* |

Chad A. Stegeman
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street
Suite 1500
San Francisco, CA 94101-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501

Richard N. Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288

John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
HOLLAND & HART, LLP
555 Seventeenth Street
Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax:    (303) 295-8261

Teresa Demchak
Laura Ho
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Phone: (510) 763-9800
Fax:    (510) 835-1417

Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Phone: (202) 408-4600
Fax:    (202) 408-4699

Steven M. Pavsner
Jay P. Holland
JOSEPH, GREENWALD, LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
Phone: (301) 220-2200
Fax:    (301) 220-1214