Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive., Suite 1000
Oakland, CA  94612
(510) 763-9800 (telephone)
(510) 835-1417 (telefax)
tdemchak@gdblegal.com
lho@gdblegal.com

Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600 (telephone)
(202) 408-4699 (telefax)
jsellers@cmht.com
ctompkins@cmht.com
lgreen@cmht.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNITH CAMPBELL, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al*.<br><br>Defendants. | Case No. 3:07-cv-03640 - SC<br><br>**NOTICE, MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date:   January 11, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1 |

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC

| | |
|---|---|
| JOSEPH DOMINGUEZ and ROGER DALY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al*.<br>　　　　Defendants. | Case No. 3:07-cv-03245 - SC |
| JOSEPH DOMINGUEZ, ROGER DALY, Individually, and on behalf all other persons similarly situated;<br><br>　　　　Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al*.<br>　　　　Defendants. | Case No. 3:05-CV-4824 - SC |

## NOTICE OF MOTION AND MOTION FOR STAY

**PLEASE TAKE NOTICE** that on January 11, 2008 at 10:00 a.m. in Courtroom 1 of this Court located at 450 Golden Gate Avenue, 17th Flr., San Francisco, California, Plaintiffs will move to stay proceeding in the above-captioned cases pending the resolution of Plaintiffs' motion to transfer for coordinated pretrial proceedings before the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Plaintiffs seek a stay in order to preserve judicial resources by avoiding unnecessary duplication of actions by this Court and the court to which the MDL Panel may transfer these actions. The motion is based on this Notice of Motion and Motion, the memorandum of points and authorities, the Declaration of Llezlie L. Green and attached exhibits, and the Proposed Order.

### I.   INTRODUCTION

　　　On November 15, 2007, pursuant to 28 U.S.C. § 1407, Plaintiffs filed a motion with the Judicial Panel on Multidistrict Litigation (the "MDL Panel") seeking to transfer and consolidate

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC       - 2 -

these actions and twenty-one others that raise similar allegations and defenses. *See* Mot. for Transfer, attached as Ex. 1 to Declaration of Llezlie L. Green (attached as Ex. A) ("Green Decl."); Mem. In Support of Mot. for Transfer, attached as Ex. 2 to Green Decl.  Section 1407 authorizes the MDL Panel to transfer actions filed in more than one district involving one or more common questions of fact to a single court for coordinated or consolidated proceedings. Section 1407 is designed to avoid "conflicting and duplicative pretrial demands on parties and witnesses in related cases." *In re Regents of the Univ. of Cal.,* 964 F.2d 1128, 1131 (Fed. Cir. 1992).

The next hearing where the MDL Panel could hear Plaintiffs' motion will occur in January 2008.  *See* Green Decl. at 3.  That hearing's exact date, and the specific matters that the MDL Panel will hear at the session, will not be known until the MDL Panel issues its next Notice of Hearing Session and Hearing Session Order sometime in December 2007.  *See id.* *at* 4.  If Plaintiffs' motion to transfer is not heard at the January 2008 hearing, the next hearing will occur in March 2008.  *See id.* at 3.   Plaintiffs reasonably believe that the MDL Panel will hear their motion for transfer at either the January or March 2008 hearings. *See id.* *at* 5.

Plaintiffs request that this Court temporarily stay the instant actions until the MDL Panel has ruled on the transfer motion.  This Court has the inherent power to stay proceedings. Exercise of that power is appropriate if: (i) the movant would suffer hardship without a stay; (ii) the stay would not prejudice the non-movant; and (iii) the stay would serve the interests of judicial economy and efficiency. Here, these factors justify a stay.  Such a stay would save Plaintiffs from the hardship of simultaneously litigating identical issues and conducting identical discovery in multiple jurisdictions. It would also preserve this Court's resources by avoiding the needless expenditure of time on issues that another court is likely to relitigate if the MDL Panel

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC

- 3 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

transfers these actions. And it would help avoid the type of conflicting pretrial determinations that section 1407 is designed to avoid. Moreover, a stay would not cause Defendants any prejudice.

## II.    ARGUMENTS

The pendency of a motion for transfer and consolidation before the Panel does not automatically stay actions in the district courts. *Kohl v. American Home Prods. Corp.,* 78 F. Supp. 2d. 885 (W.D. Ark. 1999) (citing J.P.M.L. R. 1.5). Nevertheless, "[a] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1361 (C.D. Cal. 1997) (citing *American Seafood v. Magnolia Processing, Inc.,* 1992 WL 102762, at *6 (E.D. Pa. May 7, 1992))*; Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991); *Portnoy v. Zenith Labs.,* 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987); *see also Bledsoe v. Janssen Pharm.*, 2006 WL 335450 (E.D. Mo. Feb. 13, 2006); *Toppins v. 3M Co.,* 2006 WL 12993 (E.D. Mo. Jan. 3, 2006); *Buie v. Blue Cross and Blue Shield of Kansas City, Inc.,* 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005); *Albert v. Merck & Co.,* 2005 WL 2348490 (E.D. Mo. Sept. 26, 2005)*; Euell v. Merck & Co.,* 2005 WL 2348487 (E.D. Mo. Sept. 26, 2005) (citing *Rivers,* 980 F. Supp. at 1360); *Light v. Merck & Co.,* 2005 WL 2348492 (E.D. Mo. Sept. 26, 2005); *Martin v. Merck & Co.,* 2005 WL 1860267 (E.D. Mo. Aug. 4, 2005)*; Stokes,* 2005 WL 1860284. By staying an action that the MDL Panel may transfer, a court avoids needlessly familiarizing itself with the intricacies of claims that another court may consider, and avoids spending time on unnecessary case management that a transferee court would likely have to replicate. *Rivers*, 980 F. Supp. at 1360-61. This Court should similarly stay this litigation.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC                                                                                                                               - 4 -

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *Lunde v. Helms,* 898 F.2d 1343, 1345 (8th Cir. 1990), *cert. denied* 498 U.S. 897 (1990); *Webb v. R. Rowland & Co.,* 800 F.2d 803, 808 (8th Cir. 1986); *Kemp v. Tyson Seafood Group, Inc.,* 19 F. Supp. 2d 961, 964 (D. Minn. 1998).

As such, a court may properly stay an action where: (i) the stay serves the interests of judicial economy and efficiency; (ii) the movant would suffer hardship and inequity without a stay; and (iii) the stay would not prejudice the non-movant. *Albert*, 2005 WL 2348490, at * 1 (citing *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *Euell*, 2005 WL 2348487, at *1 (citing *Rivers,* 980 F. Supp. at 1360); *Light*, 2005 WL 2348492, at * 1 (citing *Rivers,* 980 F. Supp. at 1360); *Buie*, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005) (citing *Rivers,* 980 F. Supp. at 1360); *Martin*, 2005 WL 1860267, at * 1 (citing *Rivers,* 980 F. Supp. at 1360); *Stokes v. Merck & Co.,* 2005 WL 1860284, at *1 (E.D. Mo. Aug. 4, 2005) (citing *Rivers,* 980 F. Supp. at 1360); *see also Weathersby v. Lincoln Elec. Co.,* 2003 WL 21088119, at *2 (E.D. La. May 9, 2003); *Falgoust v. Microsoft Corp.,* 2000 WL 462919, at *2 (E.D. La. April 19, 2000); *Boudreaux v. Metropolitan Life Ins. Co.*,1995 WL 83788 (E.D. La. 1995); *Arthur-Magna,* 1991 WL 13725 . These factors justify a stay in this instance.

Indeed, it is routine practice for the MDL panel to circulate a letter to the courts presiding over the actions subject to Plaintiffs' motion to transfer, explaining that Plaintiffs' motion does not remove the Court's jurisdiction, but advising that prudence may support issuing a stay. *See, e.g.,* Ltr. From Judicial Panel on Multidistrict Litigation Re: MDL-1854 - In re Tyson Foods, Inc., Fair Labor Standards Act Litigation, attached to Green Decl. as Ex. 3. It is Plaintiffs' understanding the Judicial Panel will likely issue such a letter in this case. *See* Green

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC — - 5 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Decl. at 6.

### A. Staying These Actions Would Serve The Interests Of Judicial Economy And Efficiency

These actions only recently came to this Court and no significant activity has occurred. The Court has engaged in only preliminary case management. Preliminary discovery requests were just recently served and the response deadlines are weeks in the future. The parties have not filed any substantive motions. Thus, the Court has not yet invested a significant amount of time supervising discovery or familiarizing itself with the facts or law related to the claims in these action. Staying these actions would thus save the Court the time and effort of engaging in these activities, only to have these actions subsequently transferred to another court.

Further, staying these actions is appropriate because it would avoid "the risk of inconsistent and conflicting rulings while conserving judicial resources by avoiding duplicative efforts." *Shields v. Bridgestone/Firestone, Inc.,* 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002); *see also Bledsoe,* 2006 WL 335450, at * 1. This "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). Plaintiffs moved to transfer these actions so that it could be coordinated with twenty-one other actions. Each of these actions makes identical claims against Defendants. As such, they will each involve consideration of the same pretrial issues. Indeed, identical discovery has been served in every action in which discovery has commenced. *See* Green Decl. at 7. Absent coordination, any dispute arising from this identical discovery will be litigated twenty-two separate times, with the possibility of varying outcomes and inconsistent discovery requirements. Similarly, each action will involve motions for summary judgment based on identical claims and factual allegations.

If this Court and other courts presiding over actions subject to Plaintiffs' MDL motion do not stay the actions before them, they will probably begin to decide some of these common

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC         - 6 -

issues before the MDL Panel has made its decision. That would not only squander judicial resources by having multiple courts engaged in identical inquiries, but could also lead to the type of conflicting determinations that MDL treatment is meant to avoid. *See Bledsoe,* 2006 WL 335450*, at \*1; Buie*, 2005 WL 2218461, at \*1.

### B. Staying These Actions Will Prevent Plaintiffs From Suffering Hardship And Will Not Prejudice Defendants.

The parties' respective interests also justify a stay. When deciding whether to exercise its discretionary power to grant a stay, a court must weigh the competing interests and attempt to maintain an even balance. *See Landis v. N. Am. Co.* 299 U.S.248, 254-55 (1936). Here, that balance overwhelmingly favors Plaintiffs.  If this Court does not stay these actions, Plaintiffs will suffer the hardship of simultaneously litigating identical issues in multiple actions and courts. In addition to confronting the common inquiries outlined above, Plaintiffs would have to address duplicative discovery in each case as the Defendants have recently served identical discovery requests but for the different Plaintiffs' names in each case. *See* Green Decl. at 7*; Arthur-Magna, Inc.*, 1991 WL 13725, at \*1; *see also Buie,* 2005 WL 2218461, at \*1 (noting the prejudice of having to simultaneously litigate the same issues in multiple proceedings). Furthermore, if the MDL Panel grants the transfer motion, Plaintiffs would have unnecessarily participated in pretrial proceedings that the transferee court will have to duplicate. These hardships are more than sufficient to justify a stay. *See Weathersby,* 2003 WL 21088119, at \*2; *Falgoust,* 2000 WL 462919, at \*2.

Defendants will not suffer prejudice if the Court grants a stay. Defendants will receive the same benefit as Plaintiffs by avoiding the unnecessary litigation of matters that the coordinating court would have to reconsider if the MDL Panel grants the transfer motion. And if the MDL Panel denies the transfer motion, Defendants will only have suffered the

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC

- 7 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

inconvenience of a short delay. Such a delay is not sufficient to justify denial of a stay. *See Buie,* 2005 WL 2218461, at *1; *see also Weathersby,* 2003 WL 21088119, at *2; *Falgoust,* 2000 WL 462919, at *2. In any event, any inconvenience from such a delay is outweighed by the benefits of judicial efficiency and avoidance of inconsistent rulings. *See Bledsoe,* 2006 WL 335450, at *1; *Toppins*, 2006 WL 12993, at *2; *Euell,* 2005 WL 2348487, at *1; *Light,* 2005 WL 2348492, at *1; *Martin,* 2005 WL 1860267, at * 1; *Stokes,* 2005 WL 1860284, at * 1; *see also Kiffe v. Bristol-Myers Squibb*, 2003 WL 1462839, at *1 (E.D. La. Mar. 19, 2003).

### III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion and stay these actions until the MDL Panel has ruled on Plaintiffs' motion to transfer these actions pursuant to 28 U.S.C. § 1407.

Dated:  November 28, 2007            COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC

By _____/s/Llezlie L. Green_____
         Llezlie L. Green

Attorneys for Plaintiffs
Joseph Dominguez, et. al.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Plaintiffs' Motion to Stay Proceedings Pending A Decision By the Judicial Panel on Multidistrict Litigation; Case Nos. 3:07-cv-03640-SC; 3:07-CV-03245-SC; 3:05-CV-04824-SC    - 8 -