AKIN, GUMP, STRAUSS HAUER & FELD LLP
CHAD A. STEGEMAN (SBN 225745)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501
cstegeman@akingump.com

AKIN, GUMP, STRAUSS HAUER & FELD LLP
RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288
rappel@akingump.com

HOLLAND & HART LLP
John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
555 Seventeenth Street, Suite 3200
Denver, Colorado 80201-8749
Phone: (303) 295-8228
Fax:    (303) 975-5381
jhusband@hollandhart.com
tehazard@hollandhart.com
cgomez@hollandhart.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P. and NHP MANAGEMENT, INC.,<br><br>Defendants. | Case No. 07-CV-03640 SC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CERTAIN PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 8, 2008<br>Time:          10:00 a.m.<br>Before the Hon. Samuel Conti |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 8, 2008, at 10:00 a.m. in Courtroom 1, 17th Floor, of this Court located at 450 Golden Gate Avenue, San Francisco, CA, or as soon thereafter as the matter may be heard, Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. ("Defendants") will respectfully move under Fed.R.Civ.P. 41(b) for dismissal with prejudice of the claims made by Plaintiffs Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Ramon Estrada, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry (collectively, the "Absent Plaintiffs").

Defendants respectfully request that the Court dismiss the Absent Plaintiffs or alternatively issue a show cause order why the Court should not dismiss the Absent Plaintiffs for their failure prosecute their case, their failure to abide by the Local Rules and Orders of this Court, and their agreement with Defendants that any Plaintiffs who had not filed an ADR Certification by December 10, 2007 would be voluntarily dismissed with prejudice.

This motion is based upon this Notice of Motion, the supporting declaration of Chad A. Stegeman, other papers and pleadings on file, and such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

Dated: December 19, 2007   *s/ Chad A. Stegeman*
Chad A. Stegeman
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street, Suite 1500
San Francisco, CA 94101-1036

Richard N Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

John M. Husband, P.C. (*Pro Hac* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac* application to be submitted)
Christina F. Gomez (*Pro Hac* application to be submitted)
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
**Counsel for Defendants**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants") hereby move to dismiss with prejudice the claims asserted by Plaintiffs Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Ramon Estrada, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry (collectively, the "Absent Plaintiffs") for their failure to prosecute their claims against Defendants, their failure to comply with the Local Rules and Orders of this Court, and their agreement with Defendants voluntarily to dismiss any Plaintiffs who had not filed an ADR Certification on or before December 10, 2007.

### I.   STATEMENT OF FACTS

This action for alleged non-payment of overtime due under the Fair Labor Standards Act ("FLSA") was filed by 47 Plaintiffs on July 16, 2007. However, Plaintiffs' claims relate back to a case that was filed in the U.S. District Court for the District of Columbia on August 7, 2003; was conditionally certified as a collective action under the FLSA; and was later decertified when the court found that the evidence gathered in the course of class-based discovery "does not demonstrate the existence of a common, company-wide practice of non-payment of overtime" and that the plaintiffs' and opt-ins' claims "cannot overcome the 'disparate factual and employment settings of the individual plaintiffs' or 'the various defenses available.'" *Chase v. AIMCO*, Civ. No. 1:03-CV-01683, at 1, 7, 13-14 (D.D.C. Mar. 28, 2007) (citation omitted). The court then dismissed the claims of the approximately 1,100 persons outside the District of Columbia who had filed consents to join the action – most dating from December 2005 through February 2006.[1] Plaintiffs responded by blanketing the federal courts with 21 separate actions (including this action) in their respective jurisdictions in July 2007, asserting the very same claims they had attempted to pursue in the *Chase* action.

---

[1]   By this time, the vast majority of those opt-ins have not worked for Defendants in years. few of them have provided Defendants with any discovery whatsoever relating to the validity or amount of their overtime claims, although those claims were first asserted against Defendants two (or more) years ago.

Even before the Complaint was served, this Court issued an Order establishing case deadlines, including a deadline of October 4, 2007 to file ADR certification forms pursuant to ADR L.R. 3-5(b) (Dkt. No. 2, dated 07/16/07). Defendants filed their required form on October 4, 2007 (Dkt. No. 8). Plaintiffs requested, and the Court granted, an additional month and a half – until November 19, 2007 – in which to submit their forms (Dkt. No. 7, dated 10/03/07; Dkt. No. 9, dated 10/04/07). On the extended due date, counsel for Plaintiffs filed the required ADR certification forms for only 26 of the 47 Plaintiffs in this action (Dkt. No. 13, dated 11/19/07).

Counsel for Defendants thereafter conferred with counsel for Plaintiffs regarding this deficiency; and the parties agreed to an extended deadline of December 10, 2007, to file the remaining ADR certification forms, after which they would agree to the dismissal with prejudice of any Plaintiff who was unable to meet this requirement. *See* Stegeman Decl. Exhibit A (e-mail dated November 29, 2007). On December 10, 2007, 11 additional ADR certification forms were filed – including forms for two persons who are not named Plaintiffs in this case but, rather, are plaintiffs in the related case of *Dominguez et al. v. AIMCO et al.*, No. C-05-4824 SC (Dkt. No. 24, dated 12/10/07).

To date, 12 Plaintiffs have failed to submit these forms as required by the Local Rules and the parties' agreement reached on December 10, 2007. Those 12 Absent Plaintiffs are: Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Ramon Estrada, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry. Accordingly, the claims of these 12 Absent Plaintiffs should be dismissed with prejudice.

## II. LEGAL ARGUMENT

### A. The Absent Plaintiffs Have Failed to Prosecute Their Claims, Failed to Participate in the Action, and Failed to Live Up To Their Agreement With The Defendants.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this

> subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

By failing to file their file their ADR certification forms pursuant to ADR L.R. 3-5(b) (Dkt. No. 2, dated 07/16/07), the 12 Absent Plaintiffs have failed to prosecute their claims and comply with the orders of this Court. ADR is an integral part of the prosecution of this action (and the potential resolution short of litigation), and the Absent Plaintiffs have been afforded more than five months to comply with the Court's Order regarding ADR certifications. It can only be assumed that the Absent Plaintiffs' failure to submit the ADR certification after more than five months to do so signifies their lack of willingness to prosecute their claims against the Defendants and to participate in this action. Dismissal of their claims is therefore warranted under Rule 41(b) because (1) no meaningful explanation has been provided for the Absent Plaintiffs' failure to comply with the Court's ADR Order, (2) the Absent Plaintiffs' failure to comply with the Court's Order is inconsistent with the public policy favoring expeditious resolution of the litigation; (3) their failure to comply with the ADR Order interferes with this Court's management of its docket; and (4) there are no less drastic sanctions that can be imposed on the Absent Plaintiffs for their unexcused failure to submit their ADR certifications in a timely fashion. *See Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986) (factors to be considered when evaluating motions under Fed.R.Civ.P. 41(b); *Yourish v, California Amplifier,* 191 F.3d 983, (9th Cir. 1999).(noncompliance with court's minute order justified dismissal under Fed.R.Civ.P. 41(b).

Moreover, counsel for the Absent Plaintiffs indicated in his November 29, 2007 e-mail that if any of the Plaintiffs failed to submit ADR certification within ten days of the date of the Court's November 30, 2007 hearing, counsel "will voluntarily dismiss the claims of those individuals who have not returned the ADR certifications by that time." *See* Stegeman Decl.

Exhibit A (e-mail dated November 29, 2007). The 12 Absent Plaintiffs have failed to return their ADR certifications by the December 10, 2007 deadline agreed to by the parties. Therefore, counsel for Plaintiffs should be held to their agreement, and the claims of the 12 Absent Plaintiffs should be dismissed. Having stipulated to the dismissal of any Plaintiff who fails to submit their ADR certifications by the December 10 deadline, Plaintiffs' counsel should have no objection to this request for dismissal of the claims of the Absent Plaintiffs.

### III.  CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court grant their motion and dismiss with prejudice the claims of Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Ramon Estrada, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry. In the alternative, the Court should order these 12 Absent Plaintiffs to show cause why their claims should not be dismissed.

Dated: December 19, 2007

*s/ Chad A. Stegeman*
Chad A. Stegeman
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street
Suite 1500
San Francisco, CA 94101-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501

Richard N Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288

John M. Husband, P.C. (*Pro Hac* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac* application to be submitted)
Christina F. Gomez (*Pro Hac* application to be submitted)
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Fax:    (303) 295-8261

**Counsel for Defendants**