1  TERESA DEMCHAK (SBN 123989)
   tdemchak@gdblegal.com
2  LAURA L. HO (SBN 173179)
   lho@gdblegal.com
3  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   (510) 763-9800 (Telephone)
5  (510) 835-1417 (Telefax)

6  Attorneys for Plaintiffs
   *[additional counsel listed on the signature page]*
7

8

9                    UNITED STATES DISTRICT COURT

10         CALIFORNIA NORTHERN DISTRICT - SAN FRANCISCO DIVISION

11

12 | Kenneth Campbell, et al., | Case No.: 3:07-cv-03640-SC
13 |     Plaintiffs, | **DECLARATION OF LLEZLIE L. GREEN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE A MOTION FOR EXTENTION OF TIME TO RESPOND TO DISCOVERY**
14 | vs. |
15 | APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO |
16 | PROPERTIES, LP. AND: NHP MANAGEMENT, COMPANY, | Date:   February 15, 2008
   |  | Time:   10:00 a.m.
17 |  | Crtrm:  8, 19th Floor
   | Defendants. | Hon. Charles R. Breyer
18

14875-1

DECLARATION OF LLEZLIE L. GREEN IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE
A MOTION FOR EXTENTION OF TIME TO RESPOND TO DISCOVERY - CASE NO.: 3:07-CV-03640-SC

I, Llezlie L. Green, declare and state as follows:

1. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently to the matters stated below.

2. I am an attorney and a member of the Bar of the state of the District of Columbia. I am an associate with the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. in Washington, D.C., co-counsel for the Plaintiffs in this action. I have been admitted pro hac vice to the United States District Court for the Northern District of California for the purpose of appearing in this action.

3. On approximately October 24, 2007, Defendants' served upon each plaintiff in this action, and upon each of the more than 800 plaintiffs in twenty-one related actions across the country, twenty-three interrogatories, eighteen requests for admission, and seventeen requests for production of documents.

4. On December 4, 2007, Plaintiffs served upon Defendants twenty-two interrogatories and fifty-two requests for production of documents. Recognizing the need to coordinate their response to this voluminous discovery, the parties have agreed to extensions of time to respond. Based upon the parties' current agreements, Plaintiffs' responses to discovery are due January 11, 2007 and Defendants' responses are due February 18, 2008. To date, Plaintiffs have provided Defendants responses on behalf of 150 of the plaintiffs in this and the twenty-one related cases. Additional time, however, is necessary to complete this task.

5. In an effort to avoid burdening this Court with a contested motion for extension of time to respond to discovery, Plaintiffs sought Defendants' consent to a thirty day extension of time, during which time Plaintiffs would provide Defendants responses on behalf of a minimum of thirty additional plaintiffs in the twenty-one related cases per week.

6. At Defendants' counsel's request, Plaintiffs' also represented that, based upon further investigation of Plaintiffs' claims, Plaintiffs would not be pursuing claims for approximately three hundred plaintiffs, thus reducing the total number of plaintiffs in the twenty-two related actions from approximately 800 to approximately 500.

7. During scheduling conferences and in response to Plaintiffs' request for stays to be entered in many of the twenty-one related cases pending a ruling by the Judicial Panel on Multidistrict

8. Litigation, Defendants' counsel have repeatedly represented to the courts that they would work with Plaintiffs to negotiate a reasonable schedule for responding to the voluminous requests in this and the related cases.

9. Despite these representations, and despite Plaintiffs' efforts to propose a schedule that would address Defendants' needs and provide a steady stream of discovery responses, I received a voicemail message today at noon from Defendants' counsel indicating that Defendants would not agree to this extension of time.

10. Thus, it will be necessary for Plaintiffs to file a contested motion for extension of the discovery deadlines, which they would be able to file by January 17, 2008, should the Court grant Plaintiffs' motion filed herewith.

11. If the Court does not allow this enlargement of time, Plaintiffs could be prejudiced by Defendants' efforts to seek sanctions against them for providing untimely discovery responses.

12. Conversely, allowing this enlargement of time will not prejudice Defendants who have been receiving and will continue to receive discovery responses from Plaintiffs on a rolling basis.

13. The requested time modification of time would have an effect on the Court's schedule for the case, inasmuch as Plaintiffs will provide their responses to Defendants' discovery requests well before the June 11, 2008 discovery deadline set by the Court in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of January, 2008, at Washington, D.C.

/s/ Llezlie L. Green
Llezlie L. Green (pro hac vice application to be filed)
lgreen@cmht.com
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
(202) 408-4600 (Telephone)
(202) 408-4699 (Telefax)