Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
300 Lakeside Drive., Suite 1000
Oakland, CA  94612
(510) 763-9800 (telephone)
(510) 835-1417 (telefax)
tdemchak@gdblegal.com
lho@gdblegal.com

Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600 (telephone)
(202) 408-4699 (telefax)
jsellers@cmht.com
ctompkins@cmht.com
lgreen@cmht.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNITH CAMPBELL, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al*.<br><br>Defendants. | Case No. 3:07-cv-03640 - SC<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY AND MOTION TO CONSOLIDATE FOR HEARING WITH PLAINTIFFS' PRIOR MOTION FOR ENLARGMENT OF TIME**<br><br>Date:  February 22, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1 |

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC

**NOTICE OF MOTION, MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY, AND MOTION TO CONSOLIDATE FOR HEARING WITH PLAINTIFFS' PRIOR MOTION FOR AN ENLARGMENT OF TIME**

**PLEASE TAKE NOTICE** that on February 22, 2008 at 10:00 a.m. in Courtroom 1 of this Court located at 450 Golden Gate Avenue, 17th Flr., San Francisco, California, Plaintiffs will and hereby do move for an extension of time to respond to discovery and to consolidate this matter for hearing with Plaintiffs' prior motion for an enlargement of time. Plaintiffs seek an additional thirty days to respond to requests for interrogatories, requests for admissions, and requests for documents served upon the 47 plaintiffs in this case, and simultaneously upon more than 800 plaintiffs in related cases.  This motion is based on this Motion, the memorandum of points and authorities, the Declaration of Llezlie L. Green and attached exhibits, and the Proposed Order.

Plaintiffs further request that this Court consolidate this motion for hearing with Plaintiffs' Amended Motion for Enlargement of Time to File a Motion for Extension of Time (dkt. no. 30).  Plaintiffs have conferred with Defendants' counsel who has indicated they do not oppose the consolidation of these matters for hearing.  *See* Declaration of Llezlie L. Green at 16.

## I.    INTRODUCTION

Plaintiffs move this Court for an additional thirty days to respond to Defendants' First Interrogatories to Plaintiffs, First Requests for Admission to Plaintiffs, and First Requests for Production of Document to Plaintiffs.  Plaintiffs have made significant progress in responding to voluminous discovery requests served upon more than 800 plaintiffs in this and related cases pending in 22 jurisdictions, and have proposed to Defendants a schedule that contemplates weekly productions of additional responses over the next thirty days so that all responses will be completed at the end of that time period.  Nevertheless, Defendants, have refused to further

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC     - 2 -

extend the deadline for responding to their discovery requests.  Defendants' unreasonable position runs afoul of their repeated representations to Plaintiffs' counsel and various judicial officers that, in light of the volume of discovery at issue, they would work with Plaintiffs and provide reasonable extensions of time to respond.  Plaintiffs' request for an additional thirty days to respond is reasonable, will not prejudice Defendants, and will not affect the progress of this litigation.  Accordingly, this Court should grant Plaintiffs' request for an enlargement of time in which to respond to discovery.

## II.     BACKGROUND

### A.     Origins of this Case

Apartment Investment Management Company, Inc. ("AIMCO") is the nation's largest owner and manager of apartment communities in the United States, owning or managing over 1000 apartment communities in the United States.  Plaintiffs in this, and twenty-five related cases pending in twenty-two jurisdictions across the country, are hourly-paid maintenance or service technicians paid by AIMCO to maintain the condition of its properties who allege two claims. First, Plaintiffs allege Defendants failed to pay them for all of the time they spent responding to emergency tenant service requests during their "on-call" shifts.  Second, some, but not all, of the plaintiffs claim that they were so restricted during their "on-call" shifts that they should have been compensated for the time they spent waiting to receive tenant service requests.

On August 3, 2003, certain maintenance technicians employed by Defendants filed a collective and class action suit in the United States District Court for the District of Columbia pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.  *See* Compl., *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR) (D.D.C. Aug. 7, 2003), dkt. no. 1.  The plaintiffs in that action made the same basic allegations as the Plaintiffs here. *See* id.   Plaintiffs sought certification of a

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC   - 3 -

Cohen, Milstein, Hausfeld & Toll P.L.L.C. Attorneys At Law

nationwide collective action pursuant to § 216(b) of the Fair Labor Standards Act, and the certification of Maryland and California state law claims pursuant to Fed. R. Civ. P. 23. *See* id. Judge James Robertson conditionally certified as a collective action Plaintiffs' claims under the Fair Labor Standards Act, but declined to exercise supplemental jurisdiction over the pendant state law claims of the proposed Rule 23 subclasses.[1] *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR), slip. op. (D.D.C. June 23, 2005), dkt. no. 88. Following certification pursuant to Rule 216(b), notice of the pendency of the collective action was sent to AIMCO's current and former maintenance technician employees. More than one thousand employees filed consents to join the collective action. *See* Declaration of Llezlie L. Green, attached hereto as Ex. A (hereinafter "Green Decl."), at 3.

The parties then engaged in discovery limited to preparation for Defendants' motion for decertification of the conditionally certified opt-in class. *See* id. On March 28, 2007, Judge Robertson granted Defendants' motion to decertify the collective action, finding the facts incompatible with a nationwide collective action. *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR), slip. op. (D.D.C. Apr. 25, 2007), dkt. no. 217. The court subsequently dismissed without prejudice the claims of the individuals who filed consents to join *Chase v. AIMCO*, but whose claims did not have a nexus with the properties managed by AIMCO in the District of Columbia. *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR), slip. op. (D.D.C. Apr. 25, 2007), dkt. no. 222. That same day, the Court ordered mediation of the D.C. named plaintiffs and the D.C. opt-ins' claims. *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR), slip. op. (D.D.C. Apr. 25, 2007), dkt. no. 223. The parties participated in a mediation session in June 2007 and also engaged in discussions concerning the possibility of a more global resolution that would include

---

[1] Judge Robertson's decision not to exercise supplemental jurisdiction over the state law claims was based on *Lindsay v. Gov't. Employees Ins. Co.,* 355 F. Supp. 2d 119 (D.D.C. 2004) which was subsequently reversed by the United States Court Appeals for the District of Columbia in *Lindsay v. Gov't Employees Ins. Co.,* 448 F.3d 416 (D.C. Cir. 2006).

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC                                                                                    - 4 -

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

the opt-ins' claims. *See* Green Decl. at 4. The mediation and related discussions were unsuccessful and, as a result, Plaintiffs filed this action on behalf of the opt-ins whose claims were denied without prejudice in *Chase v. AIMCO* but who have a nexus to properties managed by AIMCO in California. Plaintiffs have filed similar actions in twenty additional jurisdictions on behalf of *Chase v. AIMCO* opt-ins from those states.

### B.  Procedural History

In an effort to coordinate discovery in this and the related cases, the parties negotiated a case management proposal which they submitted to the other courts. *See* dkt. no. 17. This case management requested that the Court stay deposition discovery and any other reporting requirements under the federal and local rules for 180 days to enable the parties to engage in written discovery.[2] The parties anticipated that this process would permit the parties to better assess the strengths and weaknesses of the claims and better position them to engage in meaningful settlement discussions, and avoid the unnecessary expenditure of attorney and judicial resources associated with litigating each claim to its conclusion.

On November 30, 2007, the parties appeared before this Court for a status conference. At that time, the Court rejected the parties' proposed discovery schedule and, instead, issued an

---

[2] The parties now disagree, however, on the spirit of this agreement. Plaintiffs understand this agreement to stay written discovery and the parties' reporting requirements under the federal and local rules for 180 days in order to permit them to complete their responses to written discovery. Plaintiffs contend that, implicit in this agreement, is the understanding that the parties will negotiate a reasonable production schedule. Defendants, however, have taken the untenable and illogical position that despite the parties' agreement, responses to discovery are due within the thirty days contemplated by the federal rules. There would have been no justification to delay reporting requirements and depositions for 180 days instead of merely 30 days unless the parties' agreement contemplated that the parties would each have more than 30 days to complete their responses to discovery requests – which were served on the more than 800 plaintiffs within the same week. Defendants' position is particularly untenable because they have not merely objected to Plaintiffs' interpretation that discovery responses would be timely if fully completed within 180 days, but have also refused to participate in additional negotiations regarding a production schedule which would provide Plaintiffs with more than 30, albeit fewer than 180, days to complete all of these discovery responses. *See* Green Decl. at 13. Defendants' refusal to negotiate any agreement has resulted in additional motion practice before this and the other courts.

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC     - 5 -

order providing for the conclusion of all discovery by June 11, 2008 and set an August 11, 2008 trial date. *See* dkt. no. 16.

Despite the parties' efforts to coordinate discovery in this and the related cases, various courts, including this court, rejected their proposed discovery schedules. Indeed several courts issued discovery schedules that provide for the completion of all discovery – written and deposition, fact and expert – within less than six months. *See, e.g.*, Notification of Docket Entry, *Bishop, et. al. v. Apartment Investment Mgmt. Co., et. al.*, Case No. 1:07-cv-03952 (ND. Ill. Nov. 6, 2007); Preliminary Pretrial Order, *Davis, et. al. v. AIMCO Properties, L.P., et. al.*, No. 1:07-CV-0052 (S.D. Ohio Nov. 27, 2007); Status Conference Order, *Dominguez, et. al. v. Apartment Investment Mgmt. Co., et. al.*, No. C-05-4824 SC, C-07-3245 SC, C-07-3640 SC (N.D. Ca. Nov. 30, 2007), jointly attached as Ex. A. The parties also discovered they disagreed on the core terms of their discovery agreement, as explained in n.2 *supra*. In order to coordinate what had become an unworkable situation, Plaintiffs filed before the Judicial Panel on Multidistrict Litigation, a motion to transfer this and related cases pending in twenty-one jurisdictions. *See* Green Decl. at 14. The panel will hear oral argument on Plaintiffs' Motion on January 30, 2008 and will likely make a decision shortly thereafter. *See* Notice of Hearing Session, Judicial Panel on Multidistrict Litigation, Dec. 13, 2007, attached hereto as Ex. B.

### III.    HISTORY OF DISCOVERY EFFORTS

On or about October 24, 2007, Defendants served 23 interrogatories, 18 requests for admission, and 17 requests for production of documents upon each of the 47 plaintiffs in this case. Defendants' counsel simultaneously served identical discovery upon the more than 800 plaintiffs in the related cases pending in 21 other jurisdictions. *See* Green Decl. at 5. On December 4, 2008, Plaintiffs served upon Defendants 52 requests for production of documents and 22 interrogatories on behalf of the plaintiffs in this case and hundreds of others in the related

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC          - 6 -

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

cases. In light of the significant resources required to coordinate and respond to the voluminous discovery, the parties agreed upon a thirty-day extension of time to respond to each other's outstanding discovery requests. The parties subsequently agreed, based upon the magnitude of the discovery and the holidays, upon an additional 15 day extension: Plaintiffs' responses were due January 11, 2008 and Defendants' discovery responses are due February 18, 2008. *See* Green Decl. at 6.

On December 26, 2007 and January 4, 2008, Plaintiffs provided Defendants discovery responses for a total of 85 plaintiffs, including 8 from this action. Plaintiffs provided Defendants responses for an additional 60 plaintiffs from the related cases on January 11, 2008, including 1 plaintiff form this action. *See* Green Decl. at 6. On or before January 18, 2008, Plaintiffs will produce responses on behalf of an additional 35 plaintiffs and will respond to Defendants' requests for production of documents on behalf of all of the plaintiffs.[3] *See* Green Decl. at 7.

In an effort to avoid involving this Court in needless motion practice, Plaintiffs contacted Defendants to request an additional thirty days to complete the outstanding discovery. *See* Green Decl. at 11. In order to assure Defendants of Plaintiffs' good faith efforts to cull the claims of individuals (1) whom Plaintiffs' counsel are not longer able to contact; (2) who Plaintiffs' counsel have determined do not have meritorious claims; or (3) have communicated to Plaintiffs' counsel that they are no longer interested in pursuing their claims, Plaintiffs have alerted Defendants that they will not be pursuing the claims of approximately three hundred

---

[3] As Defendants likely anticipate – and as is typical in wage and hour cases – an overwhelming number of the Plaintiffs do not have in their possession documents responsive to Defendants' requests. *See* Green Decl. at 8.

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC                                                                                                          - 7 -

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

plaintiffs,[4] including 11 of the plaintiffs in this case.[5] Plaintiffs have, though not without considerable effort expended in contacting people and evaluating claims, effectively reduced the total number of plaintiffs from more than eight hundred to a number closer to five hundred, and have produced discovery responses for 180 of those 500 plaintiffs. Despite Plaintiffs good faith efforts, and, perhaps more importantly, despite Defendants' representations to counsel and judicial officers in nearly every jurisdiction in which these related cases are pending, Defendants are now unwilling to negotiate a reasonable agreement with the Plaintiffs concerning the remaining discovery responses, thus compelling Plaintiffs to seek the intervention of the Court.

## IV.   ARGUMENT

### A.   Plaintiffs Have Dedicated Significant Resources to Responding to Discovery and Have Proposed a Reasonable Schedule for the Remaining Production

Plaintiffs have devoted significant resources to the litigation of this and the related matters. In addition to multiple associates and partners at Lead Counsel's firm, Plaintiffs have hired four contract attorneys and a contract paralegal who have worked diligently to respond to Defendants' discovery requests. *See* Green Decl. at 9. The completion of each plaintiff's discovery responses takes at least three to four hours, and oftentimes more. *See* Green Decl. at 10. Simply put, responding to discovery on behalf of more than 800 plaintiffs takes approximately 3200 hours. Even where Plaintiffs' counsel have culled the number of Plaintiffs by approximately three hundred, they have taken the time to contact each person, and where possible, to interview them at length in order to determine if their claims should no longer be pursued. *See* id. Plaintiffs fully intend to respond to Defendants' discovery requests; they merely seek a reasonable extension of time to permit them to complete this arduous process.

---

[4]   *See* Email from Llezlie Green to John Husband, Jan. 10, 2008, attached hereto as Ex. C.

[5]   Plaintiffs counsel will seek leave to withdraw from representing these individuals and will not take actions to oppose the dismissal of their claims. *See* Green Decl. at 12.

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC   - 8 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

Plaintiffs' proposal that they be permitted an additional thirty days to respond to the voluminous discovery at issue in this and the related cases, and that they provide discovery responses on behalf of at least thirty plaintiffs involved in these cases each week contemplates the completion of this arduous process within a reasonable time period. Defendants' refusal to further work with Plaintiffs defies reason.

### B. The Requested Extension of Time Will Not Prejudice Defendants or Unnecessarily Prolong This Litigation

In light of the current discovery schedule, an additional thirty day extension will not prejudice Defendants. Plaintiffs will provide Defendants responses to at least thirty plaintiffs per week during the course of the requested extension. Discovery in this case is not scheduled to end for several months and by January 18 2008, Defendants will have received discovery responses on behalf of at least 180 plaintiffs. Defendants can hardly claim that waiting an additional thirty days to receive discovery responses on the remainder of the plaintiffs in this and the related cases prejudices their ability to defend against these claims. Indeed, as discussed *supra*, this process has already resulted in Plaintiffs' identification of approximately 300 plaintiffs whose claims they will not pursue. Additional similarly situated plaintiffs will undoubtedly be identified over the next thirty days.

Moreover, Defendants have repeatedly represented to Plaintiffs' counsel and various judicial officers that they would provide reasonable extensions of time in light of the volume of discovery at issue. *See* Green Decl. at 14. Indeed, Defendants' counsel made this representation in contesting Plaintiffs' motions to stay the cases pending the MDL Panel's resolution of Plaintiffs' motion for transfer. *See, e.g.,* Transcript, Initial Status Conference, *Bishop v. Apartment Investment Mgmt. Co.*, Civ. No. 1:07-cv-03952, Jan. 7, 2008 at 15-18, attached hereto as Ex. D. Based in part upon Defendants' representations, Plaintiffs' motions for stays were

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC                                                                                                                     - 9 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

1  denied, or were denied as to written discovery, in several of these related cases. Yet despite
2  Plaintiffs' good faith efforts to respond to discovery and their request to negotiate an additional
3  extension in order to complete the voluminous discovery at issue, Defendants have not only
4  refused to agree to Plaintiffs' proposal, but have refused to negotiate with Plaintiffs on this issue
5  at all, and have, instead, compelled Plaintiffs to mire this and the related courts in motion
6  practice. *See* Green Decl. at 15.

Nor will the extension of time unnecessarily prolong this litigation. As discussed *supra*, discovery does not conclude in this case until June 11, 2008. Permitting Plaintiffs thirty additional days in which to conclude written discovery, particularly where Defendants have already begun receiving responses on behalf of the plaintiffs, will not affect the parties' ability to conclude discovery within the time parameters set by this Court.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move this Court to enter an order permitting them to respond to Defendants' discovery requests within thirty days of the filing of this motion.

Dated: January 17, 2008                COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC

                                       By: */s/Llezlie L. Green*

                                       Attorneys for Plaintiffs
                                       Joseph Dominguez, et. al.

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Notice, Motion and Memorandum In Support of Motion for an Extension of Time to Respond to Discovery and Motion to Consolidate For Hearing With Plaintiffs' Prior Motion for Enlargement of Time; Case Nos. 3:07-cv-03640-SC

- 10 -