AKIN, GUMP, STRAUSS HAUER & FELD LLP
CHAD A. STEGMAN (SBN 225745)
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501
cstegeman@akingump.com

AKIN, GUMP, STRAUSS HAUER & FELD LLP
RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288
rappel@akingump.com

HOLLAND & HART LLP
John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
555 Seventeenth Street, Suite 3200
Denver, Colorado  80201-8749
Phone: (303) 295-8228
Fax:    (303) 975-5381
jhusband@hollandhart.com
tehazard@hollandhart.com
cgomez@hollandhart.com

Attorneys for Defendants Apartment Investment and Management Company, AIMCO
Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND<br>MANAGEMENT COMPANY, AIMCO<br>PROPERTIES, L.P. and NHP<br>MANAGEMENT, INC.,<br><br>  Defendants. | Case No.  07-CV-03640 SC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY**<br><br>**Date:   February 22, 2008**<br>**Time:   10:00 am**<br>**Crtrm:  1, 17th Floor**<br>**Judge:  Honorable Samuel Conti** |

Defendants Apartment Investment and Management Company, AIMCO Properties, L.P.,

NHP Management Company, and AIMCO/Bethesda Holdings, Inc. hereby respond to Plaintiffs'

Motion for an Enlargement of Time in Which to Respond to Discovery.

## TABLE OF CONTENTS

Page

I.    Introduction .................................................................................................1

II.   Factual Background.......................................................................................2

III.  Legal Analysis .............................................................................................4

      A.    Rule 37.............................................................................................4

      B.    Rule 41.............................................................................................5

      C.    The claims of those Plaintiffs who failed to provide timely responses to
            Defendants' written discovery issued in October should be dismissed .................6

IV.   Conclusion....................................................................................................9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC

# TABLE OF AUTHORITIES

## Cases

*Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007) .......... 8

*Ball v. City of Chicago*, 2 F.3d 752 (7th Cir. 1993) .......... 6

*Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989) .......... 6

*Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995) .......... 5

*Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305 (4th Cir. 2001) .......... 5

*Boland v. AIMCO*, Case No. 2:07-CV-1370 (D. Az. Jan. 17, 2008) .......... 1

*Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir. 1971) .......... 8

*Chase v. AIMCO*, Civ. No. 1:03-CV-01683 (D.D.C.) .......... *passim*

*Dillon v. Nissan Motor Co.*, 986 F.2d 263 (8th Cir. 1993) .......... 4

*Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005) .......... 6

*Emerson v. Thiel Coll.*, 296 F.3d 184 (3d Cir. 2002) .......... 6

*Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) .......... 5

*Gripe v. City of Enid*, 312 F.3d 1184 (10th Cir. 2002) .......... 6

*Gratton v. Great Am. Communs.*, 178 F.3d 1373 (11th Cir. 1999) .......... 6

*In re 2004 Dupont Litig.*, 2006 U.S. Dist. Lexis 50622 (E.D. Ky. 2006) .......... 7

*In re the Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996) .......... 8

*In re Rezulin Prods. Liability Litig.*, 223 F.R.D. 109 (S.D.N.Y. 2004) .......... 9

*Kaminski v. First Union Corp.*, 2000 U.S. Dist. LEXIS 17871 (E.D. Pa. 2000) .......... 9

*Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999) .......... 6

*Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) .......... 5-6

*Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) .......... 5

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) .......... 4

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) .......... 5

*Price v. McGlathery*, 792 F.2d 472 (5th Cir. 1986) .......... 6

*Rosen v. Reckitt & Colman Inc.*, 1994 U.S. Dist. LEXIS 16511 (S.D.N.Y. 1994) .......... 9

iii

*Thomas Consol. Indus. v. Herbst*, 456 F.3d 719 (7th Cir. 2006) ........................................ 5

*Toth v. Grand Trunk R.R.*, 306 F.3d 335 (6th Cir. 2002) ................................................ 4

*United States v. U.S. Currency in the Amount of $600,341*, 240 F.R.D. 59
    (E.D.N.Y. 2007) ................................................................................................ 8

*United States ex rel. Outspan Constr., Inc.*, 2007 U.S. Dist. LEXIS 79680
    (E.D.N.Y. 2007), *aff'd*, 2007 U.S. Dist. LEXIS 79678 (E.D.N.Y. 2007) ............... 8

*Veliz v. Cintas Corp.*, 2007 U.S. Dist. LEXIS 44100 (N.D. Cal. 2007) ........................ 9

*Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999) ................................................ 6

**Rules**

Fed. R. Civ. P. 37 ..................................................................................................*passim*

Fed. R. Civ. P. 41 ..................................................................................................*passim*

**Secondary Sources**

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice
    & Procedure* § 2281 (2d ed. 1994)................................................................... 4

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice
    & Procedure* § 2284 (2d ed. 1994)................................................................... 5

9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*
    § 2369 (3d ed. 2008).......................................................................................... 6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC

## I.    Introduction

After years of pursuing overtime claims against Defendants and months of engaging in dilatory tactics in an effort to avoid or postpone having to respond to discovery – including a motion for transfer to multi-district litigation, a motion to stay, and two discovery extensions consented to by Defendants – Plaintiffs now request even more time to respond to discovery requests that were served on them nearly three months ago.  Plaintiffs' counsel seems to blame Defendants for counsel's inability to provide even the most basic information about the claims of their 900+ clients located in 22 states.  But Plaintiffs' counsel should have developed the basic information Defendants seek in their written discovery, including the amount of unpaid overtime their clients claim to have worked and the exact amount of damages their clients are seeking, before counsel filed their cases last July.  Now, six months after filing this lawsuit and several years after these individuals were first identified, Plaintiffs' counsel seeks still more time to obtain this basic information and respond to Defendants' discovery – notwithstanding the fact that the clock is ticking, with discovery set to expire on June 11 and trial set for August 11, 2008.

In all, more than three-quarters of the Plaintiffs in these various actions still have not responded to Defendants' basic discovery requests.  Instead, Plaintiffs' counsel has taken every measure and made every excuse counsel can fathom to avoid or postpone having to respond to Defendants' discovery.  In doing so, they have unabashedly ignored their obligations under the Federal Rules of Civil Procedure and the local rules of this Court and have reneged on their original agreement to respond to discovery in exchange for Defendants' waiver of service.

As stated by one judge in one of the related cases, "It is time for Plaintiffs to fish or cut bait."  Hazard Decl. ¶ 6 (Judge James A. Teilborg in *Boland v. AIMCO*, Case No. 2:07-CV-1370 (D. Az. Jan. 17, 2008)).  Plaintiffs must now make a choice as to whether they want to respond to discovery or drop their claims against Defendants.  Defendants have been reasonable with

1

Plaintiffs and have already provided two significant extensions. At some point, Plaintiffs'

counsel will have to explain to the Court why they filed suit on behalf of such a large pool of

Plaintiffs when they can provide discovery responses for only a fraction of them. Defendants

therefore ask the Court to deny Plaintiffs' motion for more time to respond to discovery and to

dismiss the claims of those Plaintiffs who failed to provide timely verified responses to the

discovery requests that have been pending since last October.

## II.    Factual Background

This case, and the similar actions filed in 21 other jurisdictions around the country, stems

from Plaintiffs' claims for alleged failure to pay overtime due under the Fair Labor Standards

Act ("FLSA").[1] Those claims were originally asserted back in August of 2003, when seven

plaintiffs filed a complaint in *Chase v. AIMCO*, U.S. District Court for the District of Columbia,

Civ. No. 1:03-CV-01683. Between December 2005 and February 2006, following the *Chase*

court's conditional certification of the case as a collective action, approximately 1,100 current

and former employees of Defendants filed consents to join the action. After several months of

discovery into Defendants' overtime practices and records, and only limited discovery of the

named plaintiffs and a few opt-ins' claims, the action was decertified due to the individualized

nature of the plaintiffs and opt-ins' claims and the claims of all opt-ins located outside the

District of Columbia were dismissed. Plaintiffs responded by blanketing the federal courts with

21 separate actions (including this action) on behalf of most of the opt-ins in their respective

jurisdictions on July 15, 2007, asserting the very same claims they had pursued in *Chase*.[2]

Although their claims date back to 2003, and although discovery as to each individual

---

[1] The material facts described herein are reiterated under oath in the Declaration of Thomas E.J. Hazard filed concurrently herewith.

[2] State law overtime claims had already been asserted by various plaintiffs in California and Maryland, dating back to November 2005.

2

1    Plaintiff was served on October 24, 2007, only 9 of the 47 Plaintiffs (or less than 20%)

2    responded to any discovery in this case by the January 11, 2008 deadline. Hazard Decl. ¶ 3. In

3    all of the cases combined, less than 150 (or approximately 18%) of the more than 800 Plaintiffs

4    served with discovery provided responses by that deadline. *Id.* Defendants have already agreed

5    to two lengthy extensions of time, bringing Plaintiffs' response deadline from late November to

6    January 11.[3] In the meantime, Plaintiffs also attempted to postpone their discovery obligations

7    even further by filing a motion to transfer their claims to multi-district litigation and then

8    requesting a stay of this action while that motion was pending. This Court allowed Plaintiffs to

9

10   withdraw the motion to stay. Dkt. No. 22.[4]

11       Despite having had nearly ***three months*** to respond to Defendants' written discovery,

12   despite Plaintiffs' withdrawal of the motion to stay, and despite the fact that discovery is set to

13   expire in less than five months and that the trial date is less than seven months away, most of the

14   Plaintiffs still have yet to provide any responses. Thus, while Plaintiffs generally maintain that

15

16   Defendants failed to pay them all overtime they were due – notwithstanding Defendants'

17   company-wide policies mandating the payment of all overtime worked and the fact that many of

18

19   [3] Plaintiffs suggest that Defendants are being "unreasonable" and have somehow misled them
     into believing that they would be afforded additional time extensions and could provide their

20   responses on a rolling basis. In fact, Defendants have always objected to "rolling discovery" and
     have repeatedly emphasized the necessity of obtaining expedited individualized discovery from

21   Plaintiffs in order to assess and move forward with these now-stale claims. Plaintiffs' third
     request for an extension seeking an additional 30 days to respond to discovery was essentially a

22   request for rolling discovery, which Defendants had previously expressed their objection to on
     the grounds that it would delay expedited discovery of the nature and amounts of Plaintiffs'

23   claims . To date, Plaintiffs have not provided Defendants with their initial disclosures under
     Rule 26(a)(1) of the Federal Rules of Civil Procedure. Without such basic information,

24   Defendants have no idea of the amount of back wage damages Plaintiffs are claiming in this
     action. *See* Hazard Decl. ¶ 7. Given Defendants' position on these issues, their opposition to

25   such an extension could hardly have been a surprise.

26   [4] Indeed, most of the jurisdictions to rule on the issue have denied Plaintiffs' motion to stay.
     Specifically, the motion was denied in Alabama, Arizona, Colorado, Illinois, Indiana, Kentucky,

27   New Jersey, Tennessee and Virginia. The courts in Texas and Pennsylvania granted the motion,
     but ordered Plaintiffs to respond to discovery. The only courts to grant the motion were those in

28   Georgia, Maryland, Michigan, New York and South Carolina. *See* Hazard Decl. ¶ 4.

3

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC

the Plaintiffs did in fact receive overtime pay – the vast majority of them have yet to provide any

evidence whatsoever concerning the validity or amount of their individual claims.  In asserting

their claims against Defendants, Plaintiffs engaged the machinery of the federal courts – with full

knowledge, following the decertification of the *Chase* action, that each claim was individual in

nature and would require particularized discovery as to each Plaintiff.  Having done so, they

have a duty to respond to Defendants' much-needed requests for discovery in compliance with

the Federal Rules of Civil Procedure and the local rules of this Court.  Put simply, Defendants

have a right to know the basis and amount of Plaintiffs' claims; and if Plaintiffs cannot or choose

not to respond to discovery, their claims should be dismissed.

## III.    Legal Analysis

### A.    Rule 37

Federal Rule of Civil Procedure 37 allows "a party [to] move for an order compelling

disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  It also allows the courts to impose sanctions,

including the dismissal of claims, if a party either (1) fails to obey an order to provide or permit

discovery or (2) fails to respond after being properly served with interrogatories or requests for

inspection. Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(ii).  While the Rule explicitly provides for the

imposition of sanctions only for violation of a court order or certain other discovery failures, the

federal courts have generally agreed that in certain circumstances "[e]ven in the absence of a

discovery order, a court may impose sanctions on a party for misconduct in discovery under its

inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*,

306 F.3d 99, 106-07 (2d Cir. 2002). *Accord Toth v. Grand Trunk R.R.*, 306 F.3d 335, 344 (6th

Cir. 2002); *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266-67 (8th Cir. 1993).

Based on these provisions, "any party or person who seeks to evade or thwart full and

candid discovery incurs the risk of serious consequences." 8A Charles A. Wright, Arthur R.

4

Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2281 at 595 (2d ed. 1994).

Indeed, as the Supreme Court has warned:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming dismissal as a discovery sanction due to "respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities").

The district courts have discretion in deciding upon the appropriate sanctions for any discovery failure under Rule 37. *Id.* at 642-43. *See generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2284 at 618 (2d ed. 1994) ("the decision whether and how severely to sanction under Rule 37 rests securely within the district court's province"). The factors the courts generally consider in making such decisions – and particularly in determining when dismissal is an appropriate sanction – include (1) the prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the plaintiff's own culpability; (4) whether the court warned the plaintiff in advance that dismissal would be a likely sanction for noncompliance; (5) the efficacy of lesser sanctions; and (6) the need for deterrence of the particular sort of non-compliance. *See, e.g., Thomas Consol. Indus. v. Herbst*, 456 F.3d 719, 725-27 (7th Cir. 2006); *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

**B.    Rule 41**

Pursuant to Federal Rule of Civil Procedure 41, a court may dismiss an action for want of prosecution where the plaintiff unjustifiably delays in proceeding with his claims. Fed. R. Civ.

5

P. 41(b) ("[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it"); *Link v. Wabash R.R. Co.*,

370 U.S. 626, 629-35 (1962) (affirming district court's *sua sponte* dismissal of plaintiff's claims

for failure to prosecute). As the Supreme Court held in the landmark *Link* case,

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice
> because of his failure to prosecute cannot seriously be doubted. The power to
> invoke this sanction is necessary in order to prevent undue delays in the
> disposition of pending cases and to avoid congestion in the calendars of the
> District Courts.

370 U.S. at 629-30.

The district courts have discretion to determine whether to dismiss an action for failure to

prosecute. *Id.* at 633. In exercising that discretion, the courts generally consider such factors as

(1) the extent of the plaintiff's personal responsibility; (2) the prejudice caused to the defendant;

(3) the plaintiff's dilatoriness or contumacious conduct; (4) whether the plaintiff's or attorney's

conduct was willful or in bad faith; (5) the probable merits of the plaintiff's claim; (6) the

interference caused to the judicial process; and (7) whether sanctions other than dismissal would

be effective. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005); *Gripe v. City of Enid*,

312 F.3d 1184, 1188 (10th Cir. 2002); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002);

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Gratton v. Great Am. Communs.*,

178 F.3d 1373, 1374 (11th Cir. 1999); *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999); *Ball v.

City of Chicago*, 2 F.3d 752, 760-61 (7th Cir. 1993); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th

Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1986). *See generally* 9 Charles A.

Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2369 at 614-25 (3d ed. 2008).

**C.    The claims of those Plaintiffs who failed to provide timely responses to
Defendants' written discovery issued in October should be dismissed**

Given that each Plaintiff's claims date back several years, that this action has now been

6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC

1   pending for six months, that Plaintiffs have already had three months to respond to written

2   discovery, that the discovery period is set to expire in this case on June 11, 2008, and that the

3   trial of this case is set for August 11, 2008, Plaintiffs should not be allowed to postpone their

4   discovery obligations indefinitely.  After two extensions, Plaintiffs' discovery was due on

5   January 11.  That deadline should not be extended.  Rather, those Plaintiffs who failed to respond

6   by that deadline should face the dismissal of their claims under Rules 37 and 41.

7         Such a ruling is certainly warranted considering the factors the courts have set forth in

8   determining the appropriateness of dismissal under Rules 37 and 41.  Defendants have already

9   been prejudiced in having to defend against Plaintiffs' multitudinous claims, having to prepare

10  responses to Plaintiffs' discovery[5], and having to answer Plaintiffs' various efforts to postpone

11  their discovery obligations; and they will be further prejudiced as the discovery period continues

12  to lapse and they are forced to move forward with this case without the benefit of any evidence

13  concerning Plaintiffs' individual claims.  For the same reasons, Plaintiffs' lengthy delay in

14  responding to discovery also threatens to interfere with the judicial process.

15        Moreover, Plaintiffs themselves are responsible for such prejudice and interference, as

16  they have asserted individual claims against Defendants but yet have refused to provide any

17  information in a timely manner concerning the nature or amount of those claims.  To the extent

18  that the delay is caused by the sheer number of Plaintiffs being represented by the same counsel,

19  that does not excuse their failure to abide by their discovery obligations.  *See, e.g., In re 2004*

20  *Dupont Litig.*, 2006 U.S. Dist. Lexis 50622, at *6-8 (E.D. Ky. 2006), 2006 WL 5097312,

21  (E.D.Ky. 2006).

---

[5] Plaintiffs served their discovery requests on Defendants on December 4, 2007 and subsequently
agreed to a single extension until February 18, 2008 for Defendants to respond.  While not every
Plaintiff has issued discovery requests, many of those Plaintiffs who have issued such discovery
have nonetheless failed to respond to Defendants' discovery requests.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC

1   July 24, 2006 (rejecting counsel's argument that "the failure of multiple plaintiffs to

2   respond to discovery in these cases should be excused considering that counsel 'have several

3   hundred clients in the . . . cases,'" warning that the rules of professional conduct "require all

4   counsel to competently represent their clients" and that "[i]f counsel cannot do so – whether

5   because they have taken on too many clients or for any other reason – counsel must examine

6   whether they can ethically continue their representation," and recommending dismissal of claims

7   by those plaintiffs who failed to respond to discovery). And to the extent that the delay is caused

8   by Plaintiffs themselves, and either their disinterest in the litigation or their inability to be

9
10  located, such facts will not prevent dismissal of their claims. *See, e.g., United States v. U.S.

11  Currency in the Amount of $600,341*, 240 F.R.D. 59, 62-63 (E.D.N.Y. 2007) (dismissing claims

12  under Rule 37 where party failed to respond to discovery and counsel informed the court that "he

13  could not find his client"); *U.S. ex rel. Outspan Const., Inc. v. Nagan Const., Inc.*, 2007 U.S.

14  Dist. LEXIS 79680, at *2-3 (E.D.N.Y. 2007), 2007 WL 3077037 (E.D.N.Y. 2007)

15
16  (recommending dismissal of claims where plaintiff failed to respond to discovery and counsel

17  indicated that he had made various unanswered attempts to reach his client on the issue)[6]

18      Finally, sanctions short of dismissal will not be sufficient to remedy these issues or to

19  deter other litigants from engaging in similar dilatory tactics. Plaintiffs simply cannot assert

20  claims in federal court without being expected to abide by the federal and local court rules and

21
22  [6] Plaintiffs' counsel's suggestion that this is an issue with some number of their clients, coupled
23  with their announcement that they will voluntarily dismiss the claims of at least 300 Plaintiffs
    (although they have thus far made no effort to do so), begs the question of whether counsel had
24  Plaintiffs' consent to file their claims in the first place. Presumably, counsel are relying on the
    consent forms originally submitted in the *Chase* action. But those forms made no reference to
25  participation in any subsequent actions. *See* Notice of Consent (Hazard Decl. Ex. A) (including
    *Chase* case caption and indicating only that by signing the form an individual "consent[s] to join
26  the above-named case"). As such, the forms do not provide any consent for the filing of this
    action. *See, e.g., Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007) (holding that similar
27  opt-in forms from a prior FLSA collective action did not "carry over" to new actions filed by the
    former opt-ins).

28
                                              8
     DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
     TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
                              07-CV-03640-SC

by their own discovery obligations. Indeed, in similar circumstances, courts have frequently

dismissed the claims of plaintiffs who fail to respond to discovery within some reasonable period

of time. *See, e.g., In re the Exxon Valdez*, 102 F.3d 429, 432-33 (9th Cir. 1996) (affirming

dismissal of claims by those plaintiffs who failed to respond to discovery); *Brennan v.*

*Midwestern United Life Ins. Co.*, 450 F.2d 999, 1006 (7th Cir. 1971) (affirming dismissal of

claims by those class members who failed to respond to discovery); *Veliz v. Cintas Corp.*, 2007

U.S. Dist. LEXIS 44100, at *8 (N.D. Cal. 2007) (noting that the court had dismissed the claims

by those opt-ins who failed to respond to discovery); *In re Rezulin Prods. Liability Litig.*, 223

F.R.D. 109, 116-20 (S.D.N.Y. 2004) (ordering dismissal of claims by those plaintiffs in multi-

district litigation proceedings who failed to respond to discovery); *Kaminski v. First Union*

*Corp.*, 2000 U.S. Dist. LEXIS 17871, at *3 (E.D. Pa. 2000), 2000 WL 1824169 (E.D.Pa. 2000)

(noting that the court had dismissed the claims by those opt-ins who failed to respond to

discovery, and denying motion to reinstate one of those claims); *Rosen v. Reckitt & Colman Inc.*,

1994 U.S. Dist. LEXIS 16511, at *4 n.2 (S.D.N.Y. 1994), 1994 WL 652534 (S.D.N.Y. 1994)

(noting that the court had dismissed the claims by those opt-ins who failed to respond to

discovery). For those same reasons, the claims of those Plaintiffs in this case who have failed to

respond to discovery should be dismissed.

## IV.    Conclusion

For all these reasons, Defendants respectfully request that the Court deny Plaintiffs'

Motion for an Enlargement of Time in Which to Respond to Discovery; deny Plaintiffs' Motion

for an Enlargement of Time to File a Motion for Extension of Time to Respond to Discovery;

and dismiss the claims of those Plaintiffs who failed to provide timely verified responses to the

discovery served last October.

Dated: January 23, 2008


_/s/_____
Chad A. Stegeman
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street, Suite 1500
San Francisco, CA 94101-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501

Richard N Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
Christina F. Gomez (*Pro Hac Vice* application to be submitted)
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202

Counsel for Defendants Apartment Investment and Management
Company, AIMCO Properties, L.P., NHP Management Company, and
AIMCO/Bethesda Holdings, Inc.

3818862_1.DOC

10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY
07-CV-03640-SC