Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive., Suite 1000
Oakland, CA  94612
(510) 763-9800 (telephone)
(510) 835-1417 (telefax)
tdemchak@gdblegal.com
lho@gdblegal.com

Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600 (telephone)
(202) 408-4699 (telefax)
jsellers@cmht.com
ctompkins@cmht.com
lgreen@cmht.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNITH CAMPBELL, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al.* <br><br> Defendants. | Case No. 3:07-cv-03640 - SC <br><br> **REPLY IN SUPPORT OF MOTION FOR ENLARGMENT OF TIME TO RESPOND TO DISCOVERY** <br><br> Date:   February 22, 2008 <br> Time:  10:00 a.m. <br> Courtroom: 1 |

## I.     INTRODUCTION

In the guise of a brief in opposition to Plaintiffs' motion for an extension of time to

respond to discovery requests, Defendants have requested that this Court dismiss Plaintiffs'

claims. Defendants' arguments do not support their position in opposition to Plaintiffs' pending motion for an extension of time, let alone the unusual and drastic proposal for dismissal advanced by Defendants. Defendants take the untenable position that plaintiffs' request for additional time to complete responses from the more than 800 plaintiff involved in this and twenty-one related cases within two and a half months should subject all of their claims to dismissal. *See* Defs' Response In Opp'n to Pls' Mot. For an Enlargement of Time in Which to Respond to Discovery, Jan. 22, 2008, dkt. no. 32 (hereinafter, "Defs' Opp'n"), at 2. Despite having received discovery responses on behalf of over 200 plaintiffs, and a proposed schedule for completing the remaining responses, Defendants persist in their unsupported assertion that Plaintiffs and their counsel are attempting to avoid their obligations to respond to discovery. Defendants' allegations are false and their arguments should be accorded no weight by this Court.

Plaintiffs' actions clearly reflect a commitment to responding to Defendants' discovery request. To date, Plaintiffs have provided Defendants responses on behalf of approximately 285 plaintiffs, including 20 in this case. *See* Declaration of Llezlie L. Green (hereinafter, "Green Decl."), attached here to as Ex. A, at 11. Plaintiffs merely seek an extension of time in which to conclude a discovery process that involves an estimated 3200 hours of work by attorneys, contract attorneys, paralegals, and contract paralegals, and that, importantly, will not affect the schedule set by this Court. *ee* Pls' Memo. In Support of Mot. For an Enlargement of Time to Respond to Discovery, Jan. 17, 2008, dkt. no. 31 (hereinafter, "Pls' Mot."), at 8. That Defendants now seek the extraordinary sanction of the dismissal of plaintiffs' claims, several months (and, indeed, in some jurisdictions, more than a year) before the close of discovery defies reason.

Defendants seek to enforce arbitrary discovery deadlines that are particularly unwarranted in light of the number of plaintiffs and the scope of the discovery sought here and in the twenty-one related cases, in order to avoid the adjudication of the claims pending against it.

Furthermore, Defendants brief is replete with specious and misleading assertions. For example, Defendants' contention that these Plaintiffs' claims have been pending since 2003 is false. *See* Defs' Opp'n at 3. First, while *Chase v. AIMCO* was filed in 2003, notice was not issued until 2005 and a vast majority of the plaintiffs in this and the related cases did not opt into that case until 2006. *See* Green Decl. at 2. Second, as opt-ins to *Chase*, they were not subject to discovery. *See* id. Plaintiffs' claims were not filed with this Court until July 2007. Defendants' pending discovery requests were not served until the last week of October. Thus, Defendants' first efforts to ascertain additional details about Plaintiffs' claims – details which Plaintiffs are making every effort to provide in a timely and reasonable manner – date back over two months, not the four years that AIMCO would have this Court believe.

Defendants also contend that their discovery requests seek "basic information" that could easily be provided. *See* Defs' Opp'n at 1. Defendants' interrogatories, requests for admissions, and requests for documents are far from "basic", rather they delve into details of each plaintiff's claims, require significant interviews of each plaintiff, as well substantial amounts of attorney time to complete the written responses. *See, e.g.,* Defendants' First Request for Production of Documents to Plaintiff Alvarado Raymond; Defendants' First Interrogatories to Plaintiff Alvarado Raymond; Defendants' First Requests for Admission to Plaintiff Alvarado Raymond, jointly attached to Green Decl. as Ex. 1.[1]  Plaintiffs do not resist engaging in this process – they

---

[1]  Plaintiffs have not yet received from Defendants documents in response to their

Reply In Support of Motion for an Extension of Time to Respond to Discovery; Case Nos. 3:07-cv-03640-SC                                                                                                                                                                      - 3 -

merely seek an appropriate amount of time in which to complete their responses.

Defendants also feign disbelief that the completion of the written discovery process in this and the related cases will and should reasonably take several months. *See* Defs' Opp'n at 1-2. As Plaintiffs explained in their opening motion, in an effort to coordinate what they understood would be substantial discovery, the parties jointly requested that the courts permit them 180 days to engage in written discovery and stay other discovery and reporting requirements during the interim. *See* Pls' Mot. at 4. Thus, Plaintiffs understood from the outset that it would take more than 30 days to complete discovery responses, and sought to work cooperatively with Defendants to provide for orderly completion of discovery. Indeed, recognizing the effort necessary to respond to discovery concerning hundreds of claims, Plaintiffs provided Defendants a forty-five day extension of time to respond to Plaintiffs' discovery requests.[2] In light of these agreements, and Plaintiffs' production of discovery responses on behalf of nearly 250 plaintiffs, Defendants' bald accusation that Plaintiffs' counsel are engaging in "dilatory tactics" in an effort avoid responding to discovery is meritless. To the contrary, Plaintiffs have been seeking to complete the discovery process in an orderly fashion, while Defendants have engaged in gamesmanship in seeking to use a simple request for an extension of time into an opportunity for Defendants to seek dismissal of claims without reference to their merits.

Defendants' insistence that these Plaintiffs should respond to discovery within the time period typical of cases involving a single plaintiff is unreasonable and is calculated to cull the

---

document requests, including basic information such as Plaintiffs' personnel files. *See* Green Decl. at 9. Many plaintiffs worked for AIMCO several years ago and no longer have any documents associated with their employment by Defendants; as such, access to the basic information in their files would better enable to them to provide accurate responses to Defendants' requests. *See id.* at 10.

[2] Defendant's responses are presently due February 18, 2008. *See* Pls' Mot. at 6.

Reply In Support of Motion for an Extension of Time to Respond to Discovery; Case Nos. 3:07-cv-03640-SC                                                                                                                                                       - 4 -

number of claims Defendants face based upon Plaintiffs' attorneys' resources, rather than the merit of Plaintiffs' claims. This scorched earth litigation strategy, in which Defendants' engage in a war of attrition via the discovery mechanism, should not be countenanced and Plaintiffs' motion for an extension of time should be granted.

## II.   ARGUMENT

### A.   The Requested Enlargement of Time Will Not Prejudice Defendants

Defendants posit that permitting Plaintiffs an additional thirty days to respond to discovery requests somehow prejudices Defendants. *See* Defs' Opp'n at 8. This simply is not true. First, the requested enlargement of time will not affect the parties' ability to complete written discovery within the 180 day period proposed by the parties, and accepted by this Court, in their proposed litigation plan. *See* dkt. no. 33. Indeed, as Plaintiffs represented to Defendants prior to filing this motion, as well as to the Court, Plaintiffs have provided Defendants responses on more than thirty Plaintiffs each week since filing their motion.[3] As such, Defendants' contention that they would be "forced to move forward with this case" without receiving responses to their outstanding discovery is not based in fact. *See* Defs' Opp'n at 8. In addition, in an abundance of caution, Plaintiffs have served discovery requests on Defendants only on behalf of those individuals Plaintiffs' counsel satisfied themselves would be responding to Defendants' discovery requests. *See* Green Decl. at 3.

### B.   Plaintiffs' Counsel Have Acted In Good Faith

Following the decertification of the collective action in *Chase v. AIMCO*, during which more than 1000 plaintiffs filed consent forms to join the case and claimed Defendants had failed

---

[3]   Indeed, Defendants' counsel was undoubtedly counting on the fact that forcing Plaintiffs to engage in motion practice in multiple jurisdictions will further drain Plaintiffs' counsel's resources, thus making it increasingly difficult to complete the voluminous discovery responses.

Reply In Support of Motion for an Extension of Time to Respond to Discovery; Case Nos. 3:07-cv-03640-SC                                                                                                                  - 5 -

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

to compensate them for all of the hours worked, Plaintiffs' counsel felt obligated to continue assisting individuals who had expressed their desire for Plaintiffs' counsel to pursue their claims against AIMCO. *See* id. at 4. Plaintiffs' counsel only re-filed claims, however, on behalf of individuals who had indicated under oath that AIMCO had not paid them for all of their hours worked, with whom counsel had been in recent contact, and for whom counsel had no reason to believe they were not interested in pursuing their claims. *See* Green Decl. at 5. Plaintiffs' counsel afforded their clients the opportunity to be excluded from this and the other re-filed suits and did not re-file on behalf of clients who indicated they did not want us to further pursue their claims. *See* id. 6.

Despite these efforts, counsel have found that some Plaintiffs have changed their minds about participating, and others are no longer locatable. Counsel have found that some plaintiffs who had been eager to pursue their claims have changed their minds now that the discovery obligations they face as individual plaintiffs have became immediate requirements rather than some theoretical future event. *See* Green id. at 7. Plaintiffs have assured Defendants and the Courts that they will move to dismiss claims of Plaintiffs who have changed their minds about proceeding, or move to withdraw from further representation if the Plaintiffs do not cooperate in such withdrawal.

Further, Plaintiffs in this and the related actions are maintenance workers at apartment facilities, who frequently move to work at different properties and change their addresses and telephone numbers. *See* id. at 8. As a result, Plaintiffs' counsel have now identified individuals who, after exhaustive efforts, they are no longer able to locate and, accordingly, whose claims they will no longer pursue. *See* id. Plaintiffs have repeatedly assured Defendants and the courts that they will withdraw as counsel for these individuals in a timely manner. *See* Pls' Mot. at 6 n.

9.

### C. Dismissal of Claims is Reserved For Extraordinary Circumstances: None of Which Are Present Here

It is axiomatic that "[d]ismissal for failure to comply with discovery orders is 'a severe sanction that should not be lightly imposed . . . .'" *United States v. U.S. Currency in the Amount of $600,341*, 240 F.R.D. 59, 62 (E.D.N.Y. 2007) (citation omitted). Plaintiffs and their counsel have not acted in the "flagrant or egregious bad faith" that would warrant the extreme sanction of dismissal of Plaintiffs' claims. *See Bonds v. District of Columbia*, 93 F.3d 801, 804 (D.C. Cir. 1996) (finding the district court abused its discretion by preventing party from offering any fact witnesses as a sanction for failing to respond in a timely manner to an interrogatory). Rather than ignore deadlines and provide no response to Defendants, Plaintiffs have provided responses from many individual Plaintiffs, and merely seek additional time to complete the thousands of hours of work necessary to respond to the voluminous discovery served in this and the related cases. Defendants' assertions to the contrary are without basis or merit.

Nor have Plaintiffs ignored this Court's, or any other court's, orders or schedules. Plaintiffs have devoted significant resources, including hiring four contract attorneys and a contract paralegal, to respond to pending discovery in this and the related cases, which speaks to the priority counsel have placed on providing Defendants responses to their outstanding discovery. *See* Pls' Mot. at 7.

Indeed, the very cases upon which Defendants rely in support of dismissal are inapposite to the circumstances here. First, in nearly every case, the dismissed party failed to respond to discovery within discovery periods of eight months or longer. *See, e.g., In re Exxon* Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (claims dismissed where record "reflects a total refusal by

appellants over a period of more than 2 years to comply with discovery obligations and orders."); U.*S. ex rel Outspan Const., Inc. v. Nagan Const., Inc.*, Civ. No. CV-06-831 (CPS)(VVP), 2007 U.S. Dist. LEXIS 79680, at *1-2 (E.D.N.Y. May 24, 2007) (plaintiffs' claims dismissed where eight month discovery period had lapsed and plaintiffs had not responded to discovery requests); *In re 2004 Dupont Litig.*, Civ. Nos. 04-229-DLB and 05-204-DLB, 2006 WL 5097312, at *3 (E.D. Ky. 2006) (dismissing plaintiffs' claims where they failed to provide responses to discovery requests where requests had been pending for eight months). In stark contrast, discovery here commenced only 3 months ago, and Defendants have received responses on behalf of more than 200 plaintiffs in this and the related cases.

Second, none of the movants in cases cited by Defendants sought dismissal for a party's failure to meet a discovery deadline negotiated by the parties, as is the case here. Rather the dismissed parties failed to provide good cause for their failure to meet court-ordered deadlines. *See, e.g., Brennan v. Midwestern Life Ins. Co.*, 450 F.2d 999 (7th Cir. 1971) (claims dismissed where party failed to respond to discovery by court-ordered dates and failed to show cause why claims should not be dismissed); *In re Rezulin Products Liability Litig.*, 223 F.R.D. 109, 117 (S.D.N.Y. 2004) (dismissing plaintiffs' claims where they ignored deadlines set in two pretrial orders, including a *final* deadline); *In re Exxon Valdez*, 102 F.3d at 432; *Nagan Const.*, 2007 U.S. Dist. LEXIS 79680 at *2; *In re 2004 Dupont Litigation*, 2006 WL at *3; *U.S. Currency*, 240 F.R.D. at 63 (plaintiff's claims dismissed after refusing to comply with multiple court orders, "despite the numerous extensions and stays granted to both parties ….").

Third, the additional time Plaintiffs seek does *not* require an extension of the discovery schedule and therefore will not affect the progress of this litigation. *See, e.g., In re 2004 Dupont Litig.,* 2006 WL at *3; *U.S. ex. rel. Outspan Constr., Inc.*, 2007 U.S. Dist. LEXIS 5097312, at

Reply In Support of Motion for an Extension of Time to Respond to Discovery; Case Nos. 3:07-cv-03640-SC - 8 -

*1-2. Finally, Plaintiffs here did not merely ignore a deadline, and let the time pass, but instead sought an extension of the deadline.

Thus, unlike the cases upon which Defendants rely, the circumstances here do not justify the extreme sanction of dismissal under either Fed. R. Civ. P. 37 or 41. Rather, the interests of justice favor granting Plaintiffs a reasonable amount of time to respond to the voluminous discovery pending in this and the related cases.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court permit them thirty additional days to respond to outstanding discovery requests and deny Defendants' ill-conceived requests for dismissal.

Dated: February 7, 2008

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

By _____/s/Laura Ho_____
Laura Ho

Attorneys for Plaintiffs
Joseph Dominguez, et. al.

Reply In Support of Motion for an Extension of Time to Respond to Discovery; Case Nos. 3:07-cv-03640-SC

- 9 -