# EXHIBIT A

1  Teresa Demchak, CA Bar No. 123989
   Laura L. Ho, CA Bar No. 173179
2  GOLDSTEIN, DEMCHAK, BALLER,
       BORGEN & DARDARIAN
3  300 Lakeside Drive., Suite 1000
   Oakland, CA  94612
4  (510) 763-9800 (telephone)
   (510) 835-1417 (telefax)
5  tdemchak@gdblegal.com
   lho@gdblegal.com
6
   Joseph M. Sellers
7  Charles E. Tompkins
   Llezlie L. Green
8  COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
   1100 New York Avenue, N.W.
9  Suite 500, West Tower
   Washington, DC  20005
10 (202) 408-4600 (telephone)
   (202) 408-4699 (telefax)
11 jsellers@cmht.com
   ctompkins@cmht.com
12 lgreen@cmht.com

13

   Attorneys for Plaintiffs
14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17

18 | KENNITH CAMPBELL, *et al.*        | Case No. 3:07-cv-03640 - SC
   |
19 |            Plaintiffs,            | **DECLARATION OF LLEZLIE L. GREEN**
20 | v.                               |
   |                                  | Date:   February 22, 2008
21 | APARTMENT INVESTMENT AND MANAGEMENT | Time:  10:00 a.m.
   | COMPANY, *et al.*                | Courtroom: 1
22 |
23 |            Defendants.           |

24

25              __DECLARATION OF LLEZLIE L. GREEN__

26      I, Llezlie L. Green, have personal knowledge of the matters described in this declaration.

27 If called to testify regarding these facts, I am competent to do so and would testify as follows:

28      1.      I am an attorney and an associate at the law firm of Cohen, Milstein, Hausfeld &

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Declaration of Llezlie L. Green; Case Nos. 3:07-cv-03640-SC
333479.1 1

Toll, PLLC, attorney for Plaintiffs. I make this declaration in support of Plaintiffs' Reply in Support of Motion for an Enlargement of Time in Which to Respond to Discovery.

2.       While *Chase v. AIMCO* was filed in 2003, notice was not issued until 2005 and a vast majority of the plaintiffs in this and the related cases did not opt in until 2006. With the exception of approximately 9 individuals, these opt-ins were not subject to discovery in the *Chase v. AIMCO* litigation.

3.       Plaintiffs' counsel have only served discovery request upon Defendants on behalf of plaintiffs they were confident would be responding to Defendants' discovery request.

4.       At the time the collective action was decertified in *Chase v. AIMCO*, Plaintiffs' counsel felt obligated to continue assisting clients who had expressed their desire for counsel to pursue their claims.

5.       Plaintiffs' counsel only re-filed claims on behalf of clients who had indicated under oath that AIMCO had not paid them for all of their hours and with whom counsel had been in recent contact. Plaintiffs counsel also only re-filed claims for clients that counsel had no reasons to believe were not interested in pursuing their claims.

6.       Plaintiffs' counsel afforded their clients the opportunity to be excluded from this and the other re-filed suits and did not re-file on behalf of clients who indicated they were no longer interested in pursuing their claims.

7.       Plaintiffs' counsel have discovered that some plaintiffs who had been eager to pursue their claims have now changed their minds once the discovery obligations they face as individual plaintiffs became immediate rather than some theoretical future event.

8.       Plaintiffs are maintenance workers at apartment facilities, who, based on Plaintiffs' counsel's experience, frequently move to work at different properties and change their addresses and telephone numbers. As a result, Plaintiffs' counsel have identified individuals

1  who, after exhaustive efforts, they are no longer able to locate, and accordingly, whose claims

2  they will no longer pursue.

3        9.        Plaintiffs have granted Defendants two extensions totaling 45 days to respond to

4  Plaintiffs' requests for interrogatories and requests for documents. Defendants' responses are

5  presently due February 18, 2007. Plaintiffs have not yet received from Defendants documents

6  responsive to their requests, including basic information such as Plaintiffs' personnel files.

7
8        10.       Many plaintiffs worked for AIMCO several years ago and no longer have any

9  documents associated with their employment by Defendants. Access to the basic information in

10 their personnel files would better enable them to provide accurate responses to written

11 discovery.

12        11.       Plaintiffs have provided Defendants responses for discovery on behalf of

13 approximately 287 plaintiffs, including 20 from this case.

14
15        12.       The following attached exhibit is a true and accurate copy of the document

16 described below:

17        Ex. A.: Defendants' First Request for Production of Documents to Plaintiff

18 Raymond Alvarado; Defendants' First Interrogatories to Plaintiff Raymond Alvarado;

19 Defendants First Requests for Admission to Plaintiff Raymond Alvarado.

20
21
22        I declare under penalty of perjury that the foregoing is true and correct.

23
24 Date: February 7, 2008                    /s/ Llezlie L. Green
                                              Llezlie L. Green
25
26
27
28

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Declaration of Llezlie L. Green; Case No. 3:07-cv-03640-SC                    - 3 -
333479.1 1