# EXHIBIT 1

**AKIN GUMP STRAUSS HAUER & FELD LLP**
CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:    415-765-9500
Facsimile:    415-765-9501

**AKIN GUMP STRAUSS HAUER & FELD LLP**
RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
rappel@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

**HOLLAND & HART, LLP**
John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
555 Seventh Street, Suite 3200
Denver, CO 80202
Telephone:    303-295-8000
Facsimile:    303-295-8261
(*Pro Hac Vice* applications to be submitted for each of the above)
Attorneys for Defendants
APARTMENT INVESTMENT AND MANAGEMENT COMPANY, and AIMCO
PROPERTIES, L.P., NHP MANAGEMENT COMPANY, and AIMCO/BETHESDA
HOLDINGS, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Civil Action No. 3:07-CV-03640 |
| | ) |
| APARTMENT INVESTMENT AND | ) |
| MANAGEMENT COMPANY, et al., | ) |
| | ) |
| Defendants. | |

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

6157432

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF RAYMOND ALVARADO

Pursuant to Federal Rule of Civil Procedure 34, Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants") hereby request that Plaintiff Raymond Alvarado produce and permit Defendants' counsel to inspect and copy the documents described below, in accordance with Rule 34 and the definitions and instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "Plaintiff" or "you" refer to Plaintiff Raymond Alvarado, his/her agents, employees, attorneys, representatives, and all other persons acting for him/her or on his/her behalf.

B.    The term "AIMCO" means Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., and AIMCO/Bethesda Holdings, Inc. (as well as its predecessor, NHP Management Company), any of their affiliates, subsidiaries or related entities, any of their properties, and any person acting on their behalf.

C.    The term "person" means all individuals or entities, including but not limited to natural persons, business entities, and labor unions.

D.    The term "document" means all written or recorded material of any kind in your possession, custody or control, or within your knowledge, including, without limitation, statements, letters, correspondence, lists, time cards, time sheets, logs, work orders, work sheets, payroll documents, memoranda, notes, reports, interoffice communications, calendar and diary entries, chronologies, appointment books, pamphlets, messages, invoices, charts, tables, summaries or abstracts, video or audio recordings, graphs, photographs, rules, regulations,

orders, guidelines, any notes or writings pertaining to any meetings, or other oral or telephone communication, electronic mail, any data or information stored or saved on any computer hard disk, floppy disk, tape, or other medium, any computer print-outs, and all other documentary material, including non-identical copies and drafts of documents.

E.    The term "relate or refer to" means to make a statement about, discuss, describe, reflect, identify, deal with, consist of, explain, comprise, or in any way pertain to the subject.

F.    The term "communication" means every manner of disclosure or exchange of information, whether oral, by telephone, via electronic mail, in writing, or otherwise.

G.    The term "the Complaint" means the original complaint, and all subsequent amended complaints, filed in the United States District Court for the Northern District of California, in Case Nos. 3:05-cv-4824, 3:07-cv-03245 and/or 3:07-cv-03640.

H.    The term "on-call" means the period during which AIMCO employees are scheduled to respond to any tenant service requests or other work-related duties that may occur outside of their regular working shifts.

I.    The term "service technicians" means all persons who were employed by AIMCO as a Service Technician or Service Manager at any time between August 2000 and the present.

J.    For each document asserted to be privileged or otherwise excludable from discovery, you are requested to provide the following information: the author; the recipient or addressee; all copy recipients; the date on which the document was created; a description of the document; the type of privilege being claimed; and the response to which the document is responsive.

K.      If any document requested was formerly in your possession, custody, or control and has been lost or destroyed, you are requested to identify the document, to describe its contents in detail, to state when the document was lost or destroyed and, if destroyed, to identify each person having knowledge concerning such destruction, the person requesting and performing the destruction, the reasons for the destruction, and each document evidencing the document's prior existence and/or facts concerning its destruction.

L.      Specify which documents are produced in response to each numbered paragraph or subparagraph and identify to which Plaintiff such documents relate.

M.      These requests shall be deemed continuing so as to require further supplemental production promptly if Plaintiff receives, generates or discovers additional documents called for herein between the time of original production and the time of trial.

## DOCUMENT REQUESTS

1.      All documents referenced or referred to in any of your responses to any interrogatories propounded by Defendants in this action.

2.      All documents that support, contradict, or contain any information regarding the allegations of the Complaint.

3.      All documents that relate or refer to any communications between you and any person, including but not limited to any present or former employee of AIMCO, with respect to the allegations of the Complaint.

4.      All written or recorded statements, including but not limited to declarations or witness statements, provided or obtained by you with respect to the allegations of the Complaint.

4

5.      All documents currently in your possession relating to your employment with AIMCO.

6.      All documents that relate or refer to the scheduling or schedule trading of service technicians at AIMCO.

7.      All documents that relate or refer to AIMCO's requirements, expectations, or restrictions placed on your or other service technicians' personal activities and/or geographic location while on-call.

8.      All documents that relate or refer to the recording of work hours, including any on-call and/or overtime hours, at AIMCO.

9.      All documents that relate or refer to taking equal time off during the same work week when an AIMCO employee has worked additional time above his/her scheduled hours, otherwise known as the "adjustable work week."

10.     All documents that relate or refer to any disciplinary action taken by AIMCO against you.

11.     All documents that relate or refer to any complaints made by you or any other current or former AIMCO employee concerning AIMCO's alleged failure to pay for time worked.

12.     All documents that relate or refer to hours worked or on-call shifts covered by you at AIMCO from August 2000 to the present.

13.     All documents that reflect the number of hours you worked that you claim you were not compensated for while employed by AIMCO from August 2000 to the present.

14.     All documents that relate or refer to work you performed while on-call for AIMCO from August 2000 to the present, including but not limited to documents concerning the amount of time you spent on-call, the number of tenant requests you received and responded to during your on-call shifts, and the number of hours you spent performing work at a tenant's residence during on-call periods.

15.     All bills or invoices from any cell, wireless, or land-line phones which identify calls you made or received when you were on-call with AIMCO from August 2000 to the present.

16.     All documents that reflect the amount and type of damages/compensation that you claim AIMCO owes you in connection with the allegations in the Complaint.

17.     All documents that relate or refer to any communication from August 2000 to the present between you and any federal, state, or local government agency concerning your employment at AIMCO.

Dated:  October 24, 2007

Chad A. Stegeman
Cstegeman@akingump.com
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
580 California Street
Suite 1500
San Francisco, CA  94101-1036
Telephone:  (415) 765-9500
Facsimile:  (415) 765-9501

Richard N Appel (*Pro Hac Vice* application to be
submitted)
rappel@akingump.com
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202-3979
Telephone: (303) 295-8000
Facsimile: (303) 295-8261
(*Pro Hac Vice* applications to be submitted)

Attorneys for Defendants
APARTMENT INVESTMENT AND
MANAGEMENT COMPANY, and AIMCO
PROPERTIES, L.P., NHP MANAGEMENT
COMPANY, and AIMCO/BETHESDA
HOLDINGS, INC

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  580 California Street, Suite 1500, San Francisco, CA 94104.  On October 24, 2007, I served the foregoing document(s) described as:

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RAYMOND ALVARADO**

on the interested party(ies) below, using the following means:

| | |
|---|---|
| JOSEPH M. SELLERS, ESQ.<br>LLEZLIE GREEN, ESQ.<br>CHARLES E. TOMPKINS, ESQ.<br>COHEN, MILSTEIN, HAUSFELD &<br>TOLL, P.L.L.C.<br>1100 NEW YORK AVENUE, N.W.<br>WEST TOWER, SUITE 500<br>WASHINGTON, DC 20005 | LAURA L. HO<br>TERESA DEMCHAK<br>GOLDSTEIN, DEMCHAK, BALLER,<br>BORGEN & DARDARIAN<br>300 LAKESIDE DRIVE, SUITE 1000<br>OAKLAND, CA 94612 |

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 24, 2007, at San Francisco, California.

LAURA ROJAS
[Print Name of Person Executing Proof]                    [Signature]

8

1 | CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
2 | **Akin Gump Strauss Hauer & Feld LLP**
580 California Street, Suite 1500
3 | San Francisco, California 94104
Telephone:    415-765-9500
4 | Facsimile:    415-765-9501

5 | RICHARD N APPEL (*Pro Hac Vice Application to be submitted*)
rappel@akingump.com
6 | **Akin Gump Strauss Hauer & Feld LLP**
1333 New Hampshire Ave., N.W.
7 | Washington, DC  20036
Telephone:    202-887-4000
8 | Facsimile:    202-887-4288

9 | John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
10 | Christina F. Gomez
Tanya E. Milligan
11 | **HOLLAND & HART, LLP**
555 Seventeenth Street, Suite 3200
12 | Denver, CO  80202-3979
Phone: (303) 295-8000
13 | Fax: (303) 295-8261
(*Pro Hac Vice Applications to be submitted for each of the above*)
14 | Attorneys for Defendants
APARTMENT INVESTMENT AND
15 | MANAGEMENT COMPANY, NHP
MANAGEMENT COMPANY, AIMCO
16 | PROPERTIES, L.P., and AIMCO/BETHESDA
HOLDINGS, INC.

17 |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH CAMPBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 3:07-CV-03640 |
| ) | |
| APARTMENT INVESTMENT AND ) | |
| MANAGEMENT COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' FIRST INTERROGATORIES**

## DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF RAYMOND ALVARADO

Pursuant to Federal Rule of Civil Procedure 33, Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants") hereby submit Defendants' First Set of Interrogatories to Plaintiff Raymond Alvarado to be answered separately and verified under oath, in accordance with Rule 33 and the definitions and instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "Plaintiff" or "you" refer to Plaintiff Raymond Alvarado, his/her agents, employees, attorneys, representatives, and all other persons acting for him/her or on his/her behalf.

B.    The term "AIMCO" means Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., and AIMCO/Bethesda Holdings, Inc. (as well as its predecessor, NHP Management Company), any of their affiliates, subsidiaries or related entities, any of their properties, and any person acting on their behalf.

C.    The term "person" means all individuals or entities, including but not limited to natural persons, business entities, and labor unions.

D.    The term "document" means all written or recorded material of any kind in your possession, custody or control, or within your knowledge, including, without limitation, statements, letters, correspondence, lists, time cards, time sheets, logs, work orders, work sheets, payroll documents, memoranda, notes, reports, interoffice communications, calendar and diary entries, chronologies, appointment books, pamphlets, messages, invoices, charts, tables, summaries or abstracts, video or audio recordings, graphs, photographs, rules, regulations,

2

**DEFENDANTS' FIRST INTERROGATORIES**

orders, guidelines, any notes or writings pertaining to any meetings, or other oral or telephone communication, electronic mail, any data or information stored or saved on any computer hard disk, floppy disk, tape, or other medium, any computer print-outs, and all other documentary material, including non-identical copies and drafts of documents.

E.    The term "communicate" means every manner of disclosure or exchange of information, whether oral, by telephone, via electronic mail, in writing, or otherwise.

F.    The term "the Complaint" means the original complaint, and all subsequent amended complaints, filed in the United States District Court for the Northern District of California, in Case Nos. 3:05-cv-4824, 3:07-cv-03245 and/or 3:07-cv-03640.

G.    The term "on-call" means the period during which AIMCO employees are scheduled to respond to any tenant service requests or other work-related duties that may occur outside of their regular working shifts.

H.    The term "service technicians" means all persons who were employed by AIMCO as a Service Technician or Service Manager at any time between August 2000 and the present.

I.    The term "identify," when referring to a person, means to state the person's full name, current home address and telephone number, current business address and telephone number, occupation, and position/job title. If Plaintiff is unable, after earnest effort, to secure the home and/or business address and telephone number of the identified person, Plaintiff shall supply the person's last known home and/or business address and telephone number, and the name and location of the person's last known employer.

J.    If you respond to any interrogatory by reference to any document that you assert to be privileged or otherwise excludable from discovery, you are requested to provide the

3
**DEFENDANTS' FIRST INTERROGATORIES**

following information: the author; the recipient or addressee; all copy recipients; the date on which the document was created; a description of the document; the type of privilege being claimed; and the interrogatory to which the document is responsive.

K.    If you respond to any interrogatory by reference to any document formerly in your possession, custody, or control that has been lost or destroyed, you are requested to identify the document, to describe its contents in detail, to state when the document was lost or destroyed and, if destroyed, to identify each person having knowledge concerning such destruction, the person requesting and performing the destruction, the reasons for the destruction, and each document evidencing the document's prior existence and/or facts concerning its destruction.

L.    These interrogatories shall be deemed continuing so as to require a supplemental interrogatory response to the extent you receive, generate or discover additional information between the time of your original interrogatory responses and the time of trial, including the discovery of any additional documents, that is responsive to any interrogatory contained herein.

## **INTERROGATORIES**

1.    Identify all persons who have knowledge of facts or information relating to, supporting, or contradicting any allegation in the Complaint, and describe the specific knowledge of each such person.

2.    Describe in detail each position you held during your employment at AIMCO. For each position, include the job title, a detailed description of the job responsibilities, the location or property, and the name(s) of your immediate supervisor(s).

3.    For each AIMCO property at which you worked, describe in detail the regular schedule for maintenance coverage at the property by a service technician.

4

**DEFENDANTS' FIRST INTERROGATORIES**

4.     For each AIMCO property at which you worked, describe in detail your typical weekly schedule. Include in your response the days and hours you typically worked and who was responsible for setting your hours.

5.     Describe in detail the periods in which you were typically on-call during your employment with AIMCO. Include in your response the days of the week and the hours of the day you were typically on-call.

6.     For each AIMCO property at which you worked, describe in detail how on-call responsibilities were distributed among service technicians at the property. Include in your response how many individuals at the property performed on-call work, whether you could trade on-call shifts with other individuals, the process whereby you traded on-call shifts, with whom you traded on-call shifts, and how often you traded on-call shifts.

7.     For each AIMCO property at which you worked, describe in detail the procedure for service technicians recording work hours, including time worked while on-call.

8.     Describe in detail any documents, including but not limited to notes or calendar entries, you made concerning time worked, including any overtime worked, while you were employed at AIMCO.

9.     Describe in detail each work week in which you worked over 40 hours without being provided overtime compensation. For each such work week, if any, provide the total number of hours over 40 you worked and describe the work you performed during those hours. Do not include any hours for which you were given a comparable amount of time off during the same work week. If your answer to this question is none, please skip to question 12.

**DEFENDANTS' FIRST INTERROGATORIES**

10.    Describe in detail each work week in which you claim your time sheets were "altered" in order "to reduce the number of hours worked that [were] recorded," as alleged in the Complaint. For each such work week, if any, provide the total number of hours you worked, the total number of hours you recorded on your time sheet, the total number of hours for which you were compensated, the identity of the individual(s) who you believe altered your time sheets, and anyone else who was aware of the alteration of your time sheets.

11.    Describe in detail each work week in which you claim you were instructed by AIMCO not to record time that you worked. For each such work week, if any, provide the total number of hours you worked, the total number of hours you recorded on your time sheet, the identity of the individual(s) who instructed you not to record your time, and anyone else who was aware of the instruction.

12.    Describe in detail your on-call duties and responsibilities during your employment with AIMCO.

13.    For each AIMCO property at which you worked, describe in detail the work you performed while on-call for AIMCO in an average on-call period. Include in your response the average number of resident service requests to which you responded in person during an on-call period, and the average total time spent responding in person to resident service requests during an on-call period.

14.    Describe in detail the manner in which you received resident service requests while you were on-call. Include in your response whether you carried a cell phone or pager.

15.    Describe in detail any requirements placed on you to respond to resident service requests received while on-call within a specified amount of time. Include in your response any

**DEFENDANTS' FIRST INTERROGATORIES**

time limits for calling a resident upon receiving a service request, any time limits for arriving at a resident's residence upon receiving a service request and/or calling the resident, and the identity of the individual(s), if any, who established such requirements.

16.    Describe in detail whether, and to what extent, you had authority to determine whether a resident service request received by you while on-call was an emergency that required immediate response in-person or was of a nature that could be responded to during regular business hours.

17.    Describe in detail each address at which you resided during your employment with AIMCO. For each location listed, provide the distance and estimated travel time from the location to the AIMCO property at which you worked while residing at the location.

18.    Describe in detail the kinds of personal activities you engaged in during periods while you were on-call for AIMCO but not actually responding to resident service calls.

19.    Describe in detail any restrictions AIMCO placed on your personal activities while you were on-call. Include in your response the identity of the individual(s), if any, who placed such restrictions on your personal activities while on-call.

20.    Describe in detail any restrictions AIMCO placed on your geographic location while you were on-call. Include in your response the identity of the individual(s), if any, who placed such restrictions on your geographic location while on-call.

21.    Describe in detail all training you received, while employed at AIMCO concerning the Fair Labor Standards Act, including any training concerning completion of time sheets, working overtime, and reporting concerns.

**DEFENDANTS' FIRST INTERROGATORIES**

22.    Describe in detail each occasion, if any, in which you, or any other individual to your knowledge, communicated an objection or complaint, formally or informally, to any manager, supervisor, or other company official of AIMCO about not being compensated properly for time worked.

23.    If your response to any of the First Requests for Admissions to Plaintiff served with these Interrogatories is other than an unqualified admission, for each response that is denied or partially denied, state the factual basis upon which the denial is based, including all documents that support your response.

8

**DEFENDANTS' FIRST INTERROGATORIES**

1    DATED:  OCTOBER 24, 2007.

CHAD A. STEGEMAN
2    cstegeman@akingump.com
     **Akin Gump Strauss Hauer & Feld LLP**
3    580 California Street, Suite 1500
     San Francisco, California 94104
4    Telephone:    415-765-9500
     Facsimile:    415-765-9501
5
     RICHARD N APPEL (*Pro Hac Vice Application*
6    *to be submitted*)
     rappel@akingump.com
7    **Akin Gump Strauss Hauer & Feld LLP**
     1333 New Hampshire Ave., N.W.
8    Washington, DC  20036
     Telephone:    202-887-4000
9    Facsimile:    202-887-4288

10   John M. Husband, P.C.
     Thomas E.J. Hazard, P.C.
11   Christina F. Gomez
     Tanya E. Milligan
12   **Holland & Hart, LLP**
     555 Seventeenth Street, Suite 3200
13   Denver, CO  80202-3979
     Phone: (303) 295-8000
14   Fax: (303) 295-8261
     (*Pro Hac Vice Applications to be submitted for*
15   *each of the above*)

16   Attorneys for Defendants
     APARTMENT INVESTMENT AND
17   MANAGEMENT COMPANY, NHP
     MANAGEMENT COMPANY, AIMCO
18   PROPERTIES, L.P., and AIMCO/BETHESDA
     HOLDINGS, INC.

19

20

21

22

23

24

25

26

27                                    9
                    **DEFENDANTS' FIRST INTERROGATORIES**
28

**VERIFICATION**

I hereby certify that I have read the above and foregoing Plaintiff Raymond Alvarado's Responses to Defendants' First Set of Interrogatories, and that they are true and correct to the best of my knowledge, information and belief.

_____

STATE OF _____ )
                           )      ss.
COUNTY OF _____ )

The foregoing instrument was subscribed and sworn to before me this _____ day of _____, 2007 by _____.

Witness my hand and official seal.

My commission expires: _____.

_____
Notary Public

10
**DEFENDANTS' FIRST INTERROGATORIES**

CHAD A. STEGEMAN (SBN 225745)
cstegeman@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
580 California Street, Suite 1500
San Francisco, California 94104
Telephone:      415-765-9500
Facsimile:      415-765-9501

RICHARD N APPEL (*Pro Hac Vice Application to be submitted*)
rappel@akingump.com
**Akin Gump Strauss Hauer & Feld LLP**
1333 New Hampshire Ave., N.W.
Washington, DC  20036
Telephone:      202-887-4000
Facsimile:      202-887-4288

John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
**HOLLAND & HART, LLP**
555 Seventeenth Street, Suite 3200
Denver, CO  80202-3979
Phone: (303) 295-8000
Fax: (303) 295-8261
(*Pro Hac Vice Applications to be submitted for each of the above*)
Attorneys for Defendants
APARTMENT INVESTMENT AND
MANAGEMENT COMPANY, NHP
MANAGEMENT COMPANY, AIMCO
PROPERTIES, L.P., and AIMCO/BETHESDA
HOLDINGS, INC.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CAMPBELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 3:07-CV-03640 |
| | ) |
| APARTMENT INVESTMENT AND | ) |
| MANAGEMENT COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS

## DEFENDANTS' FIRST REQUESTS FOR ADMISSION
## TO PLAINTIFF RAYMOND ALVARADO

Pursuant to Federal Rule of Civil Procedure 36, Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants") hereby request that Plaintiff Raymond Alvarado admit or deny the following statements separately and in writing, in accordance with Rule 36 and the definitions and instructions set forth below.

### DEFINITIONS AND INSTRUCTIONS

A.    The terms "Plaintiff" or "you" refers to Plaintiff Raymond Alvarado, his/her agents, employees, attorneys, representatives, and all other persons acting for him/her or on his/her behalf.

B.    The term "AIMCO" means Defendants Apartment Investment and Management Company, AIMCO Properties, L.P., and AIMCO/Bethesda Holdings, Inc. (as well as its predecessor, NHP Management Company), any of their affiliates, subsidiaries or related entities, any of their properties, and any person acting on their behalf.

C.    The term "person" means all individuals or entities, including but not limited to natural persons, business entities, and labor unions.

D.    The term "communicate" means every manner of disclosure or exchange of information, whether oral, by telephone, via electronic mail, in writing, or otherwise.

E.    The term "the Complaint" means the original complaint, and all subsequent amended complaints, filed in the United States District Court for the Northern District of California, in Case Nos. 3:05-cv-4824, 3:07-cv-03245 and/or 3:07-cv-03640.

2
**DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**

F.     The term "on-call" means the period during which AIMCO employees are scheduled to respond to any tenant service requests or other work-related duties that may occur outside of their regular working shifts.

G.     The term "service technicians" means all persons who were employed by AIMCO as a Service Technician or Service Manager at any time between August 2000 and the present.

H.     These requests shall be deemed continuing so as to require further supplemental production promptly if Plaintiffs receive, generate or discover additional documents called for herein between the time of original production and the time of trial.

## REQUESTS FOR ADMISSION

1.     Admit that while you were employed by AIMCO, you received training on the Fair Labor Standards Act, including training concerning completion of time sheets, working overtime, and reporting concerns or complaints about AIMCO's wage and hour practices.

2.     Admit that while you were employed by AIMCO, you were required to keep accurate records of all time worked by you on behalf of AIMCO.

3.     Admit that during periods that you were on-call, you were responsible for keeping track of the amount of time you spent performing work at a tenant's residence.

4.     Admit that during your employment with AIMCO, you were responsible for notifying an AIMCO manager, supervisor, or employee of the amount of time you spent performing work activities during your on-call periods.

5.     Admit that while you were employed by AIMCO, you recorded or maintained accurate records of all time worked by you on behalf of AIMCO, including time worked in excess of 40 hours in a work week.

3

**DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**

1      6.     Admit that while you were employed by AIMCO, AIMCO's policy was to pay

2  employees overtime for all time worked in excess of 40 hours per week.

3      7.     Admit that you received overtime pay from AIMCO during your employment

4  with AIMCO.

5      8.     Admit that while you were employed by AIMCO, AIMCO paid you overtime for

6  all time you worked in excess of 40 hours per week.

7

8      9.     Admit that while you were employed by AIMCO, AIMCO paid you for all the

9  time you spent performing work at a tenant's residence while on-call.

10     10.    Admit that while you were employed by AIMCO, AIMCO never altered your

11  timesheets to reduce the actual number of hours you worked.

12     11.    Admit that while you were employed by AIMCO, AIMCO never instructed you

13  not to record time on your time sheet that you in fact worked.

14

15     12.    Admit that while you were employed by AIMCO, you were not required to

16  remain at the property at which you worked while you were on-call.

17     13.    Admit that while you were employed by AIMCO, you were permitted to trade on-

18  call responsibilities with other employees.

19     14.    Admit that while you were employed by AIMCO, you were able to pursue and

20  engage in personal activities while on-call.

21

22     15.    Admit that while you were employed by AIMCO, there were times when you

23  received a tenant service request while you were on-call but waited to respond in person until

24  regular business hours resumed.

25

26

27                        4

**DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**

28

16.    Admit that while you were employed by AIMCO, there were times when you received a tenant service request while you were on-call but did not arrive at the tenant's residence within 20 minutes from when you first received the request.

17.    Admit that while you were employed by AIMCO, you never communicated an objection or complaint, formally or informally, to any manager, supervisor or other company official of AIMCO about AIMCO's alleged failure to pay you for overtime work and/or for time spent on-call.

18. Admit that you made no claim for overtime compensation as part of AIMCO's settlement with the U.S. Department of Labor in 2003.

**DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**

1    Dated:  October 24, 2007.

2    CHAD A. STEGEMAN (SBN 225745)
     cstegeman@akingump.com
3    **Akin Gump Strauss Hauer & Feld LLP**
     580 California Street, Suite 1500
4    San Francisco, California 94104
     Telephone:     415-765-9500
5    Facsimile:     415-765-9501

6    RICHARD N APPEL (*Pro Hac Vice Application to
     be submitted*)
7    rappel@akingump.com
     **Akin Gump Strauss Hauer & Feld LLP**
8    1333 New Hampshire Ave., N.W.
     Washington, DC  20036
9    Telephone:     202-887-4000
     Facsimile:     202-887-4288

10   John M. Husband, P.C.
     Thomas E.J. Hazard, P.C.
11   Christina F. Gomez
     Tanya E. Milligan
12   **HOLLAND & HART, LLP**
     555 Seventeenth Street, Suite 3200
13   Denver, CO  80202-3979
     Phone: (303) 295-8000
14   Fax: (303) 295-8261
     (*Pro Hac Vice Applications to be submitted for each
15   of the above*)

16   Attorneys for Defendants
     APARTMENT INVESTMENT AND
17   MANAGEMENT COMPANY, NHP
     MANAGEMENT COMPANY, AIMCO
18   PROPERTIES, L.P., and AIMCO/BETHESDA
     HOLDINGS, INC.

19

20

21

22

23

24

25

26

27                                6
     **DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS**
28