UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
KENNETH CAMPBELL, et al.,              )  No. C-07-3640 SC
                                       )
              Plaintiffs,              )
                                       )  ORDER GRANTING IN
                                       )  PART AND DENYING IN
     v.                                )  PART DEFENDANTS'
                                       )  MOTION TO DISMISS
                                       )  CERTAIN PLAINTIFFS
APARTMENT INVESTMENT AND MANAGEMENT    )
COMPANY, AIMCO PROPERTIES, L.P.,       )
and NHP MANAGEMENT INC.,               )
                                       )
              Defendants.              )
                                       )
_____)
```

## I. INTRODUCTION

Defendants Apartment Investment and Management Company, AIMCO Properties L.P., and NHP Management Co., Ltd., brought this Motion to Dismiss all claims brought by Plaintiffs Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Ramon Estrada, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry (all but Plaintiff Estrada collectively referred to as the "Absent Plaintiffs"). Docket No. 25. Plaintiffs' counsel submitted a Response to the Motion, opposing dismissal of Plaintiff Ramon Estrada, but not opposing the remainder of the Motion. Docket No. 28.

## II. DISCUSSION

Defendants argue that the Absent Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) provides as follows:

   If the plaintiff fails to prosecute or to

> comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In ruling on a motion under Rule 41(b), the Court considers several factors, including, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

This action was assigned to the District's Alternative Dispute Resolution (ADR) Multi-Option Program, governed by ADR L.R. 3. See Order Setting Initial Case Management Conference and ADR Deadlines, Docket No. 2. The ADR Multi-Option Program requires the parties and their counsel to submit ADR certification forms. See ADR L.R. 3-5(b). In violation of the ADR Local Rules and the prior Order of the Court, each of the Absent Plaintiffs has failed to submit the ADR certification form. The Absent Plaintiffs have not responded to their own attorneys' communications, including attempts to secure compliance with the ADR Local Rules. See Green Decl. ¶¶ 2-5.

The Absent Plaintiffs' failure to file the required forms, or to participate in any meaningful way in this matter, warrants dismissal of their claims. Despite the best efforts of their counsel, as well as multiple agreements by Defendants to extend

the relevant deadlines, the Absent Plaintiffs have not prosecuted their claims and have provided no explanation for this failure. This litigation has already been delayed by the Absent Plaintiffs' inactivity, against the interests of the public and the Court. While the Court prefers to resolve disputes on the merits, the Absent Plaintiffs have made it clear that they no longer have any interest in resolving this matter at all.  It would be unfair to the Defendants to allow the Absent Plaintiffs to continue to ignore the minimal requirements of their participation any further.  At this juncture, there is no lesser sanction the Court may impose, without further prejudicing the rights of the Defendants or the remaining Plaintiffs.

The Court notes that there is a further basis for dismissal beyond Rule 41(b).  The parties agreed that failure to timely file the ADR certifications would result in dismissal. See Stegeman Decl. Ex. A.  There is no dispute regarding whether the Absent Plaintiffs were included in this agreement, nor is there any dispute about whether they have submitted the ADR certification forms.  As such, dismissal is appropriate pursuant to the parties' agreement.

Although initially included as one of the Absent Plaintiffs, Ramon Estrada submitted his ADR certification on December 1, 2007, and has provided a satisfactory explanation for his delay in complying with the Court's previous Order. See Green Decl. ¶ 6. Defendants have therefore agreed that Mr. Estrada may continue to pursue his claims.  Id. ¶ 7.

3

**III. CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion and DISMISSES WITH PREJUDICE the claims of Plaintiffs Kenneth Campbell, Ernesto Cisneros, Jose Colocho, Cecil Elkins, Gregory Goodwin, Jose Hernandez, Joseph Hutton, Sr., Tony Ornelas, Ricardo Perez, Alberto Reyes, and Kenneth Terry.

IT IS SO ORDERED.

Dated: April 17, 2008

_____
UNITED STATES DISTRICT JUDGE