1  AKIN, GUMP, STRAUSS HAUER & FELD LLP
   CHAD A. STEGMAN (SBN 225745)
2  580 California Street, Suite 1500
   San Francisco, CA 94104-1036
3  Phone: (415) 765-9500
   Fax:    (415) 765-9501
4  cstegeman@akingump.com

5  AKIN, GUMP, STRAUSS HAUER & FELD LLP
   RICHARD N APPEL (*Pro Hac Vice* application to be submitted)
6  1333 New Hampshire Avenue, N.W.
   Washington, D.C. 20036
7  Phone: (202) 887-4076
   Fax:    (202) 887-4288
8  rappel@akingump.com

9  HOLLAND & HART LLP
   John M. Husband, P.C. (*Pro Hac Vice* application to be submitted)
10 Thomas E.J. Hazard, P.C. (*Pro Hac Vice* application to be submitted)
   Christina F. Gomez (*Pro Hac Vice* application to be submitted)
11 555 Seventeenth Street, Suite 3200
   Denver, Colorado  80201-8749
12 Phone: (303) 295-8228
   Fax:    (303) 975-5381
13 jhusband@hollandhart.com
   tehazard@hollandhart.com
14 cgomez@hollandhart.com

15 Attorneys for Defendants

16                    UNITED STATES DISTRICT COURT

17             FOR THE NORTHERN DISTRICT OF CALIFORNIA

18

19 KENNETH CAMPBELL, *et al.,*              )    Case No.  07-CV-03640 SC
                                            )
                 Plaintiffs,                )
20                                          )
21 v.                                       )    **DEFENDANTS' NOTICE OF MOTION
                                            )    AND MOTION TO DISMISS CERTAIN
                                            )    PLAINTIFFS; MEMORANDUM OF
22 APARTMENT INVESTMENT AND                 )    POINTS AND AUTHORITIES IN
   MANAGEMENT COMPANY, AIMCO                )    SUPPORT THEREOF
   PROPERTIES, L.P. and NHP                 )
23 MANAGEMENT, INC.,                        )
                                            )    **Hearing Date:  September 5, 2008
24               Defendants.                )    Time:           10:00 a.m.
                                            )    Before the Hon. Samuel Conti**
25

26

27

28

1    **<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

2    **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

3    **PLEASE TAKE NOTICE** that on September 8, 2008, at 10:00 a.m. in Courtroom 1,

4    17th Floor, of this Court located at 450 Golden Gate Avenue, San Francisco, CA, or as soon

5    thereafter as the matter may be heard, Defendants Apartment Investment and Management

6    Company, AIMCO Properties, L.P., NHP Management Company, and AIMCO/Bethesda

7    Holdings, Inc. (collectively, "Defendants") will respectfully move under Fed.R.Civ.P. 41(b) for

8    dismissal with prejudice of the claims made by Plaintiffs Patrick Moxley and Damian Zentner

9    (collectively, the "Absent Plaintiffs").

10    Defendants respectfully request that the Court dismiss the Absent Plaintiffs or

11    alternatively issue a show cause order why the Court should not dismiss the Absent Plaintiffs for

12    their failure prosecute their claims against Defendants.

13    This motion is based upon this Notice of Motion, the supporting declaration of Chad A.

14    Stegeman, other papers and pleadings on file, and such other argument and evidence as may be

15    presented to the Court at or prior to the hearing on this motion.

16    Dated:  July 18, 2008.        */s/ Chad A. Stegeman*
Chad A. Stegeman
17    AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street, Suite 1500
18    San Francisco, CA 94101-1036
Phone: (415) 765-9500
19    Fax:    (415) 765-9501

20    Richard N Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
21    1333 New Hampshire Avenue, N.W.
Washington, DC 20036
22    Phone:  (202) 887-4076
Fax:    (202) 887-4288

23
John M. Husband, P.C. (*Pro Hac* application to be submitted)
24    Thomas E.J. Hazard, P.C. (*Pro Hac* application to be submitted)
Christina F. Gomez (*Pro Hac* application to be submitted)
25    HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
26    Denver, CO  80202
Phone: (303) 295-8000
27    Fax:    (303) 295-8261
**Counsel for Defendants**

28

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2      Defendants Apartment Investment and Management Company, AIMCO Properties, L.P.,

3  NHP Management Company, and AIMCO/Bethesda Holdings, Inc. (collectively, "Defendants")

4  hereby move to dismiss with prejudice the claims asserted by Plaintiffs Patrick Moxley and

5  Damian Zentner (collectively, the "Absent Plaintiffs") for their failure to prosecute their claims.

6  **I.     STATEMENT OF FACTS**

7      This action for alleged non-payment of overtime due under the Fair Labor Standards Act

8  ("FLSA") was filed by 47 Plaintiffs on July 16, 2007.  However, Plaintiffs' claims relate back to

9  a case that was filed in the U.S. District Court for the District of Columbia on August 7, 2003;

10  which case was conditionally certified as a collective action under the FLSA and was later

11  decertified when the court found that the evidence gathered in the course of class-based

12  discovery did "not demonstrate the existence of a common, company-wide practice of non-

13  payment of overtime" and that the plaintiffs' and opt-ins' claims could not "overcome the

14  'disparate factual and employment settings of the individual plaintiffs' or 'the various defenses

15  available.'"  *Chase v. AIMCO*, Civ. No. 1:03-CV-01683, at 1, 7, 13-14 (D.D.C. Mar. 28, 2007)

16  (citation omitted).  *See* Stegeman Decl. Exhibit A.  The court then dismissed the claims of the

17  approximately 1,100 persons outside the District of Columbia who had filed consents to join the

18  action – most dating from December 2005 through February 2006.[1]  Plaintiffs responded by

19  blanketing the federal courts throughout the United States with 21 separate actions (including

20  this action) in their respective jurisdictions in July 2007, asserting the very same claims they had

21  attempted to pursue in the *Chase* action.

22      In October 2007, Defendants propounded discovery requests on each individual Plaintiff

23  in this case.  Plaintiffs' responses were initially due last November, but Defendants agreed to two

24  extensions, bringing the deadline to January 11, 2008.  *See* Stegeman Decl. ¶ 2.  At that time,

25  Plaintiffs filed a motion for additional time to respond to the pending discovery.  Docket Nos.

26  30, 31.  While that motion was pending, many, but not all, of the Plaintiffs provided their

27

---

28  [1]      By this time, the vast majority of those opt-ins have not worked for Defendants in years.

1   discovery responses.  However, in an Updated Discovery Status Report filed on February 22,

2   2008, counsel for Plaintiffs indicated that they "have been unable to secure discovery responses"

3   from several of the Plaintiffs, including Patrick Moxley, Damian Zentner, and eleven other

4   Plaintiffs, and would be seeking to withdraw as their counsel.  Docket No. 36-2 at 2.  On

5   February 29, 2008, Plaintiffs' Counsel filed their motion to withdraw their appearance as

6   attorneys for Patrick Moxley, Damian Zentner, and nine other Plaintiffs, indicating that counsel

7   "have been unable to communicate with these plaintiffs, and, as a result, are no longer able to

8   prosecute their claims."  Docket No. 38 at 2, 4.  However, that motion was denied for failure to

9   comply with federal and local rules.  *See* Docket No. 42.

10       The Court subsequently granted in part Defendants' previously-filed motion to dismiss

11   certain plaintiffs, thereby dismissing with prejudice the claims of eleven Plaintiffs who had failed

12   to prosecute their claims.  Docket No. 43.  That motion had been filed on December 19, 2007,

13   before the extended deadline for responding to discovery.  Docket No. 25.  Accordingly, while it

14   encompassed eleven of the Plaintiffs who later failed to respond to discovery, it did not involve

15   Plaintiffs Patrick Moxley or Damian Zentner.  *Id.*  The Order, therefore, did not dismiss the

16   claims of either of the delinquent Absent Plaintiffs.  Docket No. 43.  Apparently believing that

17   all Plaintiffs who had failed to respond to discovery had been dismissed from the case, the Court

18   deemed moot Plaintiffs' motion to extend time to respond to discovery.  Docket No. 44.

19   Plaintiffs never refiled that motion; nor did counsel ever refile their motion to withdraw as

20   counsel for Plaintiffs Patrick Moxley or Damian Zentner.

21       Now, nearly half a year after the extended deadline to respond to Defendants' discovery,

22   Plaintiffs Patrick Moxley and Damian Zentner still have not responded to any discovery or made

23   any other attempts to prosecute their case.  *See* Stegeman Decl. ¶ 3.  The discovery period closed

24   on June 11, 2008, and the case is set for trial on August 11, 2008.  Docket No. 23.  Accordingly,

25   the Absent Plaintiffs' claims should be dismissed with prejudice.

26

27

28

1

## II.    LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 41, a court may dismiss an action for want of

prosecution where the plaintiff unjustifiably delays in proceeding with his claims.  Specifically,

Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these
> rules or any order of the court, a defendant may move for dismissal
> of an action or any claim against the defendant.  Unless the court in
> its order for dismissal otherwise specifies, a dismissal under this
> subdivision and any dismissal not provided for in this rule, other
> than a dismissal for lack of jurisdiction, for improper venue, or for
> failure to join a party under Rule 19, operates as an adjudication
> upon the merits.

Fed. R. Civ. P. 41(b).  As the Supreme Court held in the landmark case of *Link v. Wabash*

*Railroad Co.*,

> The authority of a federal trial court to dismiss a plaintiff's action
> with prejudice because of his failure to prosecute cannot seriously
> be doubted.  The power to invoke this sanction is necessary in
> order to prevent undue delays in the disposition of pending cases
> and to avoid congestion in the calendars of the District Courts.

370 U.S. 626, 629-30 (1962).

In this case, the Absent Plaintiffs, Patrick Moxley and Damian Zenter, have failed to

respond to discovery that was propounded more than eight months ago, have provided no

explanation for failing to do so, have made no other attempts to pursue their claims against

Defendants, and have generally failed to participate in any meaningful way in this case.  In fact,

their own counsel have indicated that they have not been able to communicate with the Absent

Plaintiffs and are not able to prosecute their claims.  Dismissal of the Absent Plaintiffs' claims is

therefore warranted under Rule 41(b).  *See Link*, 370 U.S. at 629-35 (affirming district court's

*sua sponte* dismissal of plaintiff's claims for failure to prosecute); *Henderson v. Duncan,* 779

F.2d 1421, 1423 (9th Cir. 1986) (discussing factors to consider in dismissing claims under Rule

41(b), including "(1) the public's interest in expeditious resolution of litigation; (2) the court's

DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS
07-CV-03640-SC

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits and (5) the availability of less drastic sanctions").

*See generally* 9 Charles A. Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2369 at

614-25 (3d ed. 2008).

Indeed, as with the claims of the eleven Plaintiffs already dismissed from this case under

Rule 41(b), "the Absent Plaintiffs have made it clear that they no longer have any interest in

resolving this matter at all" and "[i]t would be unfair to the Defendants to allow the Absent

Plaintiffs to continue to ignore the minimal requirements of their participation any further."

Docket No. 43 at 3 (Order granting in part motion to dismiss certain plaintiffs).

## III. CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court grant their

motion and dismiss with prejudice the claims of Patrick Moxley and Damian Zentner. In the

alternative, the Court should order these two Absent Plaintiffs to show cause why their claims

should not be dismissed.

Dated: July 18, 2008

/s/ Chad A. Stegeman
Chad A. Stegeman
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
580 California Street, Suite 1500
San Francisco, CA 94101-1036
Phone: (415) 765-9500
Fax:    (415) 765-9501

Richard N Appel (*Pro Hac Vice* application to be submitted)
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Phone: (202) 887-4076
Fax:    (202) 887-4288

John M. Husband, P.C. (*Pro Hac* application to be submitted)
Thomas E.J. Hazard, P.C. (*Pro Hac* application to be submitted)
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Phone: (303) 295-8000
Fax:    (303) 295-8261
**Counsel for Defendants**

DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS
07-CV-03640-SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS
07-CV-03640-SC

1

UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

KENNETH CAMPBELL, *et al.,*                )        Case No.  07-CV-03640 SC
                                           )
                                           )
Plaintiffs,                                )

5

                                           )
v.                                         )        **[PROPOSED] ORDER DISMISSING**

6

                                           )        **CERTAIN PLAINTIFFS WITH**
APARTMENT INVESTMENT AND                   )        **PREJUDICE**

7

MANAGEMENT COMPANY, AIMCO                  )
PROPERTIES, L.P. and NHP                   )

8

MANAGEMENT, INC.,                          )
                                           )

9

Defendants.                                )
                                           )

10

11

Upon consideration of Defendants Apartment Investment and Management Company's,

12

AIMCO Properties, L.P.'s, NHP Management Company's, and AIMCO/Bethesda Holdings,

13

14

Inc.'s (collectively, "Defendants") Motion to Dismiss Certain Plaintiffs with Prejudice and being

fully advised in the premises,  IT IS HEREBY ORDERED THAT:

15

16

The claims asserted by Plaintiffs Patrick Moxley and Damian Zentner are DISMISSED

17

WITH PREJUDICE.

18

19

20

                                           _____
                                           Samuel Conti

21

                                           United States District Judge

22

23

24

25

26

27

3890603_1.DOC

28