Teresa Demchak, CA Bar No. 123989
Laura L. Ho, CA Bar No. 173179
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive., Suite 1000
Oakland, CA  94612
(510) 763-9800 (telephone)
(510) 835-1417 (telefax)
tdemchak@gdblegal.com
lho@gdblegal.com

Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600 (telephone)
(202) 408-4699 (telefax)
jsellers@cmht.com
ctompkins@cmht.com
lgreen@cmht.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNITH CAMPBELL, *et al.*<br><br>          Plaintiffs,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al*.<br><br>          Defendants. | Case No. 3:07-cv-03640 - SC<br><br>**MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS**<br><br>Date:  September 5, 2008<br>Time:  10:00 a.m.<br>Before the Hon. Samuel Conti |

**I.      INTRODUCTION**

Defendants seek the dismissal Plaintiff Patrick Moxley and Plaintiff Damian Zentner's

claims based upon their failure to provide responses to discovery requests propounded by Defendants. *See* Docket No. 47 ("Defs' Mot."). As Plaintiffs' counsel have been unable to communicate with Plaintiffs Moxley and Zentner, and therefore have been unable to prepare responses to Defendants' discovery requests or determine why these plaintiffs have not responded to counsel's efforts to contact them, *see* Docket No. 38, counsel's ability to oppose Defendants' motion is limited. Nevertheless, the Court has not relieved counsel from their ethical obligation to represent these plaintiffs by responding to Defendants' motion. Under these circumstances, Plaintiffs' counsel respectfully requests that, should the Court be inclined to grant Defendants' motion, it issue either a show cause order or an order dismissing Plaintiff Moxley and Zentner's claims without prejudice.

## II.     **BACKGROUND**

On February 29, 2008, Plaintiffs' counsel filed a Motion to Withdraw as Counsel for 11 plaintiffs, including Plaintiffs Patrick Moxley and Damian Zentner. *See* Docket No. 38. Defendants did not oppose the motion to withdraw. The Court denied the motion, indicating it would not grant a motion to withdraw as counsel without the individual plaintiffs' written consent. *See* Docket No. 42. As the motion to withdraw as counsel was predicated on Plaintiffs' counsel's inability to communicate with Plaintiffs' Moxley and Zentner (as well as the nine additional plaintiffs for whom counsel sought to withdraw as counsel), counsel were unable to obtain the signatures from Plaintiffs Moxley and Zentner necessary to re-file a motion to withdraw as their counsel. *See* Declaration of Llezlie L. Green, ("Green Decl."), ¶ 2. Nine other plaintiffs subject to that motion were subsequently dismissed due to their failure to complete ADR forms. *See* Docket No. 43.

### III. ARGUMENT

Plaintiffs' counsel indicated in their Motion to Withdraw that, despite repeated efforts, counsel have been unable to communicate with Plaintiffs Moxley and Zentner. *See* Docket No. 38, at 4. As a result, Plaintiffs Moxley and Zentner have not provided responses to Defendants' outstanding discovery requests, nor have they sought discovery from the Defendants. *See* Green Decl., ¶ 3. Put simply, plaintiffs' failure to communicate with counsel has prevented counsel from actively pursuing their claims against Defendants. *Id.*, ¶ 4.

Defendants' motion requests, in the alternative to the dismissal of Plaintiff Moxley and Plaintiff Zentner's claims, an order to them to show cause why their claims should not be dismissed. *See* Defs' Mot. at 6. Dismissal of a plaintiff's claim is a "drastic sanction." *Ferdik v. Bozelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Issuance of a show cause order prior to granting such a sanction is more appropriate under these circumstances. While a warning regarding the possibility of dismissal is warranted where courts consider taking *sua sponte* action, there is no express requirement that the Court warn plaintiffs of the possibility their claims will be dismissed where a motion has been noticed under Fed. R. Civ. P. 41(b). *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, however, as Plaintiffs' counsel have been unable to successfully communicate with the plaintiffs whose claims Defendants seek to dismiss, the affected plaintiffs likely have not received notice their claims are in jeopardy. *See* Green Decl., ¶ 5. In light of these unique circumstances, Plaintiffs' counsel respectfully request that, rather than dismissing plaintiffs' claims, the Court issue an order to show cause to be served upon the last known address of Plaintiffs' Moxley and Zentner. In the alternative, as Plaintiffs' counsel cannot assure the Court that Plaintiffs' Moxley and Zentner have, in fact, received notice of Defendants' motion, Plaintiffs' counsel request that any

order dismissing their claims at this time be issued without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' counsel respectfully request the Court issue a show cause order, rather than dismissing Plaintiff Moxley and Plaintiff Zentner's claims at this juncture.

Dated: August 14, 2008                    COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC

By: */s/Llezlie L. Green*

Attorneys for Plaintiffs
Joseph Dominguez, et. al.

Memorandum in Response to Defendants' Motion to Dismiss Certain Plaintiffs; Case No. 3:07-cv-03640-SC                                                                                              - 4 -

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing Motion for Leave to Withdraw as Counsel with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

Chad Allen Stegeman
Akin Gump Strauss Hauer & Feld
580 California St.
San Francisco, CA 94104
cstegeman@akingump.com

John M. Husband
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202

Richard N. Appel
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue NW
Suite 1000
Washington, DC 20036

Date: August 14, 2008                    */s/Llezlie L. Green*  _____
                                         Llezlie L. Green
                                         Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
                                         1100 New York Ave, NW, Suite 500 West Tower
                                         Washington, DC  20005-3964

COHEN, MILSTEIN,
HAUSFELD & TOLL
P.L.L.C.
ATTORNEYS AT LAW

Memorandum in Response to Defendants' Motion to Dismiss Certain Plaintiffs; Case No.
3:07-cv-03640-SC                                                                - 5 -