1  Teresa Demchak, CA Bar No. 123989
   Laura L. Ho, CA Bar No. 173179
2  GOLDSTEIN, DEMCHAK, BALLER,
       BORGEN & DARDARIAN
3  300 Lakeside Drive., Suite 1000
   Oakland, CA 94612
4  (510) 763-9800 (telephone)
   (510) 835-1417 (telefax)
5  tdemchak@gdblegal.com
   lho@gdblegal.com
6
   Joseph M. Sellers
7  Charles E. Tompkins
   Llezlie L. Green
8  COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
   1100 New York Avenue, N.W.
9  Suite 500, West Tower
   Washington, DC 20005
10 (202) 408-4600 (telephone)
   (202) 408-4699 (telefax)
11 jsellers@cmht.com
   ctompkins@cmht.com
12 lgreen@cmht.com

13
   Attorneys for Plaintiffs
14

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  KENNETH CAMPBELL, et al. | Case No. 3:07-cv-03640 - SC |
| 19      Plaintiffs, | **NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPOT OF JOINT MOTION TO APPROVE SETTLEMENT** |
| 20  v. | |
| 21  APARTMENT INVESTMENT AND MANAGEMENT COMPANY, et al. | |
| 22      Defendants. | Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1 |
| 23 | |
| 24  JOSEPH DOMINGUEZ and ROGER DALY, | Case No. 3:07-cv-03245 - SC |
| 25      Plaintiffs,<br>v. | |
| 26  APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, LP. AND: NHP MANAGEMENT, COMPANY, | |
| 27 | |
| 28      Defendants. | |

COHEN, MILSTEIN,    Notice, Motion, and Memorandum in Support of Joint Motion to Approve Settlement, Case No. 3:07-
HAUSFELD & TOLL     cv-03640-SC
P.L.L.C.
ATTORNEYS AT LAW

| | |
|---|---|
| JOSEPH DOMINGUEZ, ROGER DALY, Individually, and on behalf all other persons similarly situated;<br>Plaintiffs,<br>v.<br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P. and NHP MANAGEMENT, INC.,<br>Defendants. | Case No. 3:05-CV-4824 - SC |

**PLEASE TAKE NOTICE** that on September 19, 2008 at 10:00 a.m. in Courtroom 1 of this Court located at 450 Golden Gate Avenue, 17th Flr., San Francisco, California, Cohen, Milstein, Hausfeld, & Toll, P.L.L.C. ("Plaintiffs' Counsel") and Holland & Hart LLP ("Defendants' Counsel") will and hereby do move for Court approval of the proposed settlement in this case. This motion is based on this motion and memorandum of points and authorities, the Declaration of Llezlie L. Green, and the Proposed Order.

### ARGUMENT

The parties, through their respective counsel, respectfully request that this Court enter an Order (in the form attached) approving the parties' settlement. In support of this Motion, the parties state that they have resolved this matter as described herein.

**A.    PROPOSED SETTLEMENT**

The Plaintiffs in the above three lawsuits filed these actions in the United States District Court for the Northern District of California alleging that the Defendants violated the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and state wage and hour laws by failing to pay them for hours worked in excess of 40 in a work week ("Unpaid Overtime Claims") and failing to pay them for time spent on-call ("Waiting Time Claims").

To avoid the uncertainty and cost of further litigation of this matter, the parties have negotiated on an arms' length basis a compromise of their dispute that all parties agree is fair, adequate and reasonable. A copy of the Settlement Agreement, along with the attached exhibits,

are attached hereto as Exhibit 1. Plaintiffs' counsel has communicated the terms of the proposed settlement to the 36 Plaintiffs[1] in this case, and the Plaintiffs have agreed to settle their claims under the proposed settlement terms.

The material terms of the settlement are as follows:

1. Defendants do not admit any liability or wrongdoing whatsoever.

2. In exchange for their execution of a Confidential Settlement and Release of Claims, sample forms which are attached as Exhibit B and C to the Settlement Agreement, Defendants agree to pay the settling Plaintiffs the sums identified in Exhibit A to the Settlement Agreement, less applicable deductions and withholding for federal and state taxes. Upon payment of the settlement sums, Plaintiffs' claims shall be dismissed with prejudice.

3. Waiting Time Claims and attorneys' fees and costs shall be determined by arbitration, as provided in Exhibits E and F to the Settlement Agreement.

4. The terms of the Settlement Agreement are to be confidential.

The names of the 36 Plaintiff who are to execute a Confidential Settlement and Release

---

[1] Two of the Plaintiffs are excluded from this settlement: Patrick Moxley and Damian Zenter. Defendants have previously filed a motion to dismiss under Fed.R.Civ.P. Messrs. Moxley and Zenter for failure to prosecute their claims in this action. Dkt. 47. The Court has not yet ruled on the motion.

of Claims under the Settlement Agreement, and whose claims shall be dismissed with prejudice after AIMCO issues payment of the settlement are:

| First Name | Last Name |
|---|---|
| Raymond | Alvarado |
| Russell | Austin |
| David | Barrios |
| Leroy | Boese |
| George | Bohannon |
| Edwin | Bondoc |
| Gerver | Calderon |
| Mitchell | Cobb |
| Daniel | Cohick |
| Terry | Crow |
| Brian | Dean |
| Joseph | Dominguez |
| Ramon | Estrada |
| David | Geeting |
| Ernest | Harrell |
| Bill | Hernandez |
| Luis | Lopez |
| Isaias | Lopez |
| Matthew | Martin |
| John | Martin |
| Laurin | McPhee |
| Jason | Mingus |
| Ranferi | Miranda |
| Mike | Peachee |
| Amador | Perez |
| Alfredo | Pineda |
| Kevin | Price |
| Michael | Schilling |
| Jason | Taylor |
| Armando | Torrez |
| Robert | White |
| Michael | Woods |
| Luis | Zeermeno |
| Thomas | Visage |
| Roger | Daly |
| Marco | Solarzano |

B. **LEGAL BASIS FOR APPROVAL**

Because a class in this case has not been certified under Fed. R. Civ. P. 23, and this settlement resolves individual claims of the Plaintiffs, the notice and approval process for class action settlements do not apply in this case. *See* Fed. R. Civ. P. 23(e); *see also*, Declaration of

Llezlie L. Green ("Green Decl.") at ¶ 3 (Plaintiffs decided not to seek class certification prior to entering into mediation).

However, when employees bring a private action for back wages under the FLSA and the employer and employees agree to compromise the disputed claims, in order to secure an enforceable settlement the district court must review and approve the settlement for its fairness to the settling employees. *See, e.g., Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *DeBraska v. Milwaukee*, 11 F.Supp.2d 1020, 1027 (E.D. Wis. 1998), *aff'd in part and rem. in part*, 189 F.3d 650 (7th Cir. 1999).

While court approval is required for settlement of an employee's FLSA claims, *see Lynn's Food Stores, supra*, 679 F.2d at 1353-54, there are few cases delineating the applicable standards. Nevertheless, courts which have considered the issue have applied the same standard as in the Rule 23 context -- that is, whether the settlement is fair, reasonable, and adequate. *See id.* at 1354; *Murillo v. Texas A & M Univ. Sys.*, 921 F. Supp. 443, 444 (S.D. Tex. 1996).

1.  **Fed. R. Civ. P. 23**

In deciding whether to give final approval to a class action settlement under Rule 23(e), the district court's primary responsibility is to ensure that the settlement is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(C). In making this determination, "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 625 (9th Cir. 1982). Moreover, settlements resulting from arm's length negotiations are presumed to be fair. *See Murillo v. Texas A & M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D.Tex. 1996) (noting that there is an "initial presumption of fairness when a proposed class settlement was negotiated at arm's length by counsel for the class") (citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (emphasizing that

settlements which grow out of an "adversarial context" are "more likely to reflect a reasonable compromise of disputed issues" making it possible for a district court "to approve the settlement in order to promote the policy of encouraging settlement of litigation").

Courts have further emphasized that "a settlement must be evaluated in light of the strength of the case, and the court must balance the probable outcome of an action, if tried, against the provisions of the settlement." *Boyd v. Bechtel Corp.* 485 F. Supp. 610, 617-18 (N.D. Cal. 1979). As the *Bechtel* court further explained:

> It is not necessary or expected that litigants will obtain through settlement all they might have realized through a victorious trial. Cognizant of the likely disappointment of class members who perceive they have been victims of discrimination in receiving less than the full recovery sought, the Court also recognizes that simply because a settlement may amount to only a fraction of the potential recovery does not in itself render it unfair or inadequate. *Compromise is the very nature of settlement.*

*Id.* at 618 (emphasis added and citations omitted).

Finally, the district court should consider a number of specific factors in evaluating the fairness, reasonableness, and adequacy of a proposed settlement, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted); *see also Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998); *In re XOMA Corp. Sec. Litig.*, 1992 U.S. Dist. LEXIS 10502, at *6-7 (N.D. Cal. July 10, 1992).

### 2. The Settlement Is Fair, Reasonable, and Adequate

This Court should approve the parties' proposed settlement because the agreement to

settle this litigation is fair, reasonable, and adequate. The amount to be paid to each Plaintiff provides a fair and equitable means of compensating claimants. The amount offered to each Plaintiff individually was calculated based upon that Plaintiff's sworn response to interrogatories identifying the number of uncompensated hours worked by that Plaintiff during his or her tenure with AIMCO during the period within the statute of limitations. The fact that each plaintiff has individually approved the amount he or she will receive in the settlement also supports a finding that the settlement is fair and adequate. Green Decl. ¶ 4.

### 3. The Settlement Eliminates the Ongoing Burden, Expense and Risks of Litigation

In contrast to the substantial and immediate benefits the Plaintiffs will receive in compromising their claims, continued litigation of this case would be lengthy, costly, complicated, and burdensome to all concerned. As with all litigation, the ultimate outcome of Plaintiffs' claims is uncertain. Significant issues concerning methods of proof, liability, and appropriate remedies, if any, would be vigorously litigated and would need to be resolved absent settlement.

Further, even if Plaintiffs were to establish liability in this case, Plaintiffs would face substantial uncertainty as to the calculation of damages, given the nature of the claimed off-the-clock work and waiting time issues.

Furthermore, the need for Plaintiffs to seek time off work to participate in depositions and trial was a substantial burden which Plaintiffs sought to avoid, given that they have little access to paid vacation time in their current jobs, and could not afford to forgo paid work in order to attend trial. *See* Green Decl. at ¶ 5.

In short, the time, expense, and uncertainty of continued litigation weigh strongly in favor of approval of the settlement. *See, e.g., XOMA Corp.*, 1992 U.S. Dist. LEXIS 10502,

at *7.

### 4. Counsel for Both Parties Endorse the Settlement

The Court should also consider the views of counsel in evaluating the settlement. Courts have emphasized that the attorneys, having an intimate familiarity with a lawsuit, "are in the best position to evaluate the action, and the Court should not without good cause substitute its judgment for theirs." *Bechtel*, 485 F. Supp. at 622; *see also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ("[t]he recommendation of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement."); *XOMA Corp.*, 1992 U.S. Dist. LEXIS 10502, at *9 ("[t]he court is entitled to rely heavily on the assessment of able counsel negotiating at arms' length."). Here, the proposed Settlement Agreement has the full support of counsel for Plaintiffs and Defendants, both of whom have considerable experience in litigating wage and hour issues and in the prosecution and defense of class/collective actions. Moreover, the parties reached this settlement agreement with the assistance of a mediator who is very experienced in litigation and settlement of large wage and hour cases. Green Decl. ¶ 2, 5.

## CONCLUSION

For all of the reasons stated above, the parties respectfully request an Order (in the form attached) approving the proposed settlement. Following the submission of signed releases from each Plaintiff and issuance of checks from AIMCO to each Plaintiff who submits a release, the Parties will submit a joint motion to dismiss this action.

Dated: August 15, 2008

| Counsel for Defendants | Counsel for Plaintiffs |
|---|---|
| */s/ Chad A. Stegeman* | */s/ Llezlie L. Green* |
| Chad A. Stegeman | Teresa Demchak |
| AKIN, GUMP, STRAUSS, HAUER & FELD, LLP | Laura Ho |
| 580 California Street | GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN |
| Suite 1500 | 300 Lakeside Drive, Suite 1000 |
| San Francisco, CA 94101-1036 | Oakland, CA 94612 |
| Phone: (415) 765-9500 | Phone: (510) 763-9800 |
| Fax: (415) 765-9501 | Fax: (510) 835-1417 |
| | |
| Richard N. Appel | Joseph M. Sellers |
| AKIN, GUMP, STRAUSS, HAUER & FELD, LLP | Charles E. Tompkins |
| 1333 New Hampshire Avenue, N.W. | Llezlie L. Green |
| Washington, DC 20036 | COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC |
| Phone: (202) 887-4076 | 1100 New York Avenue, N.W. |
| Fax: (202) 887-4288 | Suite 500, West Tower |
| | Washington, DC 20005 |
| John M. Husband, P.C. | Phone: (202) 408-4600 |
| Thomas E.J. Hazard, P.C. | Fax: (202) 408-4699 |
| Christina F. Gomez | |
| HOLLAND & HART, LLP | Steven M. Pavsner |
| 555 Seventeenth Street | Jay P. Holland |
| Suite 3200 | JOSEPH, GREENWALD, LAAKE, P.A. |
| Denver, CO 80202 | 6404 Ivy Lane, Suite 400 |
| Phone: (303) 295-8000 | Greenbelt, MD 20770 |
| Fax: (303) 295-8261 | Phone: (301) 220-2200 |
| | Fax: (301) 220-1214 |

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Motion for Approval of Settlement with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

Chad Allen Stegeman
Akin Gump Strauss Hauer & Feld
580 California St.
San Francisco, CA 94104
cstegeman@akingump.com

John M. Husband
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202

Melissa Dulski
Richard N. Appel
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue NW
Suite 1000
Washington, DC 20036

Date: August 15, 2008                   /s/Llezlie L. Green
                                        Llezlie L. Green
                                        Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
                                        1100 New York Ave, NW, Suite 500 West Tower
                                        Washington, DC 20005-3964

Notice, Motion, and Memorandum in Support of Joint Motion to Approve Settlement, 3:07-cv-03640-SC     - 10 -