**United States District Court**
For the Northern District of California

1
2
3              UNITED STATES DISTRICT COURT
4             NORTHERN DISTRICT OF CALIFORNIA
5
6  KENNETH CAMPBELL, et al.,        )    No. C-07-3640 SC
                                    )
7              Plaintiffs,          )
                                    )    ORDER GRANTING
                                    )    DEFENDANTS' MOTION TO
8       v.                          )    DISMISS CERTAIN
                                    )    <u>PLAINTIFFS</u>
9                                   )
   APARTMENT INVESTMENT AND MANAGEMENT)
10 COMPANY, AIMCO PROPERTIES, L.P.,  )
   and NHP MANAGEMENT INC.,          )
11                                   )
12             Defendants.          )
                                    )
13 _____  )

14 I.   **INTRODUCTION**

15       Defendants Apartment Investment and Management Company, AIMCO

16 Properties L.P., and NHP Management Co., Ltd., brought this Motion

17 to Dismiss all claims brought by Plaintiffs Patrick Moxley and

18 Damian Zentner (collectively referred to as the "Absent

19 Plaintiffs").  Docket No. 47.  Plaintiffs' counsel submitted a

20 Response to the Motion, requesting that, rather than dismissing

21 with prejudice, the Court issue an order to show cause or dismiss

22 the claims without prejudice, as counsel has not been able to

23 communicate with the Absent Plaintiffs.  Docket No. 51.  For the

24 following reasons, the Court GRANTS Defendants' Motion.

25

26 II.  **DISCUSSION**

27       Defendants argue that the Absent Plaintiffs' claims should be

28 dismissed under Federal Rule of Civil Procedure 41(b) for failure

to prosecute.  Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to
> comply with these rules or a court order, a
> defendant may move to dismiss the action or
> any claim against it.  Unless the dismissal
> order states otherwise, a dismissal under this
> subdivision (b) and any dismissal not under
> this rule—except one for lack of jurisdiction,
> improper venue, or failure to join a party
> under Rule 19—operates as an adjudication on
> the merits.

Fed. R. Civ. P. 41(b).  In ruling on a motion under Rule 41(b),

the Court considers several factors, including, "(1) the public's

interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on

their merits and (5) the availability of less drastic sanctions."

Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court previously dismissed the claims over eleven other

plaintiffs in this action for failure to prosecute.  See Docket

No. 43.  The Absent Plaintiffs were not included in that ruling

because, at the relevant time, they were subject to an extended

deadline for discovery responses and were not yet delinquent.

Now, the extended deadline has long since passed and the Absent

Plaintiffs have still not responded to Defendants' discovery

requests.  See Stegeman Decl., Docket No. 48, ¶¶ 2-3.  Discovery

in this matter closed on June 11, 2008.  Trial was set for August

11, but that date was vacated because the Defendants reached a

provisional settlement with all remaining plaintiffs other than

the Absent Plaintiffs.  The Absent Plaintiffs have failed to

respond to discovery, have provided no explanation for that

2

failure, have not engaged in the settlement process, have not communicated with their own counsel, and have generally refused to participate in this matter in any meaningful way.  See id. ¶ 3; Green Decl., Docket No. 51, ¶¶ 2-4.

The failure to participate warrants dismissal of the Absent Plaintiffs' claims.  Despite the best efforts of their counsel, as well as multiple agreements by Defendants to extend the relevant deadlines, the Absent Plaintiffs have not prosecuted their claims and have provided no explanation for this failure.  This litigation has already been delayed by the Absent Plaintiffs' inactivity, against the interests of the public and the Court. While the Court prefers to resolve disputes on the merits, the Absent Plaintiffs have made it clear that they no longer have any interest in resolving this matter at all.  It would be unfair to the Defendants and the remaining plaintiffs to allow the Absent Plaintiffs to stall the settlement process by disregarding their obligations to participate.  At this juncture, there is no lesser sanction the Court may impose without further prejudicing the rights of the Defendants or the remaining Plaintiffs.

///
///
///
///
///
///
///
///

United States District Court
For the Northern District of California

III. **CONCLUSION**

    For the reasons set forth above, the Court GRANTS Defendants'
Motion and DISMISSES WITH PREJUDICE the claims of Absent
Plaintiffs Patrick Moxley and Damian Zentner.


    IT IS SO ORDERED.


    Dated: September 17, 2008

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4